## R. JACOBS ET AL., APPELLANTS, *v.* ROBERT McCALLEY ET AL., RESPONDENTS.

CHATTEL MORTGAGE—FORECLOSURE WHERE MORTGAGE PROVIDES MANNER OF.—Where, in a mortgage of chattels, there is a manner provided for foreclosing the same, either party may insist that the foreclosure shall be in the manner provided; but such party must comply with the mortgage stipulation on his part. If the mortgagor insists that the foreclosure be in the manner stipulated, he must, if delivery of possession to the mortgagee is necessary to such foreclosure, deliver the mortgaged property to the mortgagee to enable him to sell the same.

IDEM—A MORTGAGOR MAY SELL or assign mortgaged personal property, subject to the lien of the mortgage.

APPEAL from Linn county.

This is a suit in equity to foreclose a chattel mortgage. The mortgage provided that in case of default the mortgagee should take possession of the mortgaged property and sell it at public auction after giving two weeks' notice of the sale. The mortgagor remained in possession of the property under the mortgage, and while in such possession sold it and thereupon delivered possession to his assignee.

*R. S. Strahan and L. Flynn*, for appellants.

*Powell & Bilyeu, Humphrey & Wolverton, and Dolph, Bronaugh, Dolph & Simon*, for respondents.

By the Court, BOISE, J.:

It is claimed by the respondents that as there is a manner for foreclosing this mortgage provided in the instrument itself, the provisions of section 2, page 688, of the statute

apply to it, and that it must be foreclosed by the mortgagees under and in pursuance of the stipulation of the parties contained in the mortgage. Section 2 provides that '' whenever in any mortgage of goods and chattels the parties to such mortgage shall have provided the manner in which such mortgage may be forclosed, such mortgage, upon breach of the conditions thereof, may be foreclosed in the manner therein provided, and not otherwise." Section 1 provides that on the breach of the condition of such mortgage, the mortgagee shall be entitled to the immediate possession of the property mortgaged. The stipulation in the mortgage is a mutual agreement between the mortgagor and mortgagee which both parties are bound to observe, and neither party can avail himself of it unless he has kept the agreement on his part.

On breach of the conditions of the mortgage by the mortgagor, by failing to pay the note, it was his duty to deliver to the mortgagee the property, that he might sell the same according to the stipulation. On his refusal to give up the property, the mortgagee might have brought replevin against him, which action the mortgagor could have defended by showing that the property had been in some manner released from the mortgage. This remedy by replevin was a remedy which existed in such cases before this statute was enacted. In the prosecution of such action to recover the possession of the property, the mortgagee would or might be subjected to delays, and might be obliged to take an alternate judgment for the property or its value, and would not be able to reach the property with that certainty as in a suit in equity, where the property could be put into the hands of a receiver. His remedy would not be as complete and adequate in an action as in equity. In this case, where an assignment had been made, there might be difficulty in proceeding under the stipulation in the mortgage, in determining to whom the surplus, if any remained after satisfying the mortgage, should be paid.

We think the proper construction of section 2 is, that when the parties have agreed to a certain manner of foreclosing, either has a right to insist on a foreclosure in that

manner, but before the mortgagor can insist on the sale of the property by the mortgagee, in the manner stipulated, he must fulfill his part of the agreement by suffering the mortgagee to take possession of the goods, and that the mortgagor can not refuse to fulfill the agreement on his part, by refusing to give up the goods, and at the same time insist on a performance by the mortgagee. To give any other construction to the contract would be to hold that the mortgagor can take advantage of his own breach of contract to defeat the just claim of the mortgagee, which is contrary to the maxim that no man can avail himself of his own wrong. Such a construction will also harmonize the provisions of section 2 with section 410, which provides that " a lien on real or personal property, whether created by mortgage or otherwise, shall be foreclosed by suit." Such a construction will do no violence to the plain meaning of the statute, and will facilitate the administration of justice and be in harmony with the general principles of the construction of statutes.

It is also claimed by the respondents that this mortgage is void as to subsequent creditors, for the reason that the mortgagor retained the property in his possession with a general power to sell the same. If this be true, then the mortgage would be void. (*Iri Orton* v. *M. W. Orton*, 7 Or. 478.) In *Orton* v. *Orton*, it appeared from the testimony on the trial, as a fact, that Iri Orton had made M. W. Orton, his mortgagor, his agent to sell the mortgaged goods, consisting of a stock of merchandise in his, the agent's, business as a retail merchant, and put him in the store for that purpose. In this case the agreement in the mortgage is, that " until default is made in the payment of said sum of money, the parties of the first part (the mortgagors), their executors, administrators, and assigns, may retain and continue in the quiet and peaceable possession of said goods and chattels, and in the full and free use and enjoyment of the same, except as hereinbefore provided;" and that proviso was that said goods should not be removed from within said county and state, so that whatever assignment was made, said goods were to remain in the county.

We think the right to assign is by this instrument confined to an assignment subject to the lien of the mortgage, and that such a power of assignment would not render the mortgage void. Until condition broken, the mortgagor is the owner of the property, and "he may sell, incumber, devise, or convey the mortgaged property." (Harmon on Chattel Mortgages, 459.) So that the power to assign contained in the mortgage gave the mortgagor no more power over the goods than he would have had if that word had not been inserted in the mortgage.

The demurrer in the suit will be overruled, and the decree of the court below sustaining said demurrer be reversed, and the suit remanded to the circuit court for further proceedings.