W. E. WASHINGTON ET AL. v. FIRST NATIONAL BANK OF DENTON.

(Case No. 5273.)

1. VARIANCE. — In a suit against an indorser of a negotiable instrument, it was alleged that he guarantied its payment in these words: "payment guarantee." The note offered in evidence had indorsed thereon, over the indorsement of defendant's name, the words "payment guaranteed." *Held*, that the variance between the indorsement pleaded, and that produced in evidence, was immaterial.

2. VERDICT — PRACTICE. — When the court directs the correction of a verdict which, under the facts as finally rendered, is such as it could properly have instructed the jury to return, the fact that it directs an attorney in the cause to write it in proper form is immaterial, especially when the jury, after consultation, adopt and return the verdict as written.

3. INTEREST — JUDGMENT — ATTORNEYS' FEES. — A judgment on a note, which
provides that the obligors pay attorneys' fees in the event of a suit, may have
properly incorporated in it such fees as part of the main judgment, with-
out special mention thereof being made, either in the verdict or judgment;
and where the note on its face bears twelve per cent. interest, it is proper
that the amount covering attorneys' fees carried into the judgment should,
like the main debt, bear twelve per cent. interest.

APPEAL from Denton. Tried below before the Hon. W. J. Aus-
tin, Special Judge.

Suit by appellee against Washington, Cloud, and Sacra, as the
makers of a note, and against Rollins as guarantor.

The plaintiff in its pleadings alleged that the defendant, R. S.
Rollins, guarantied the payment of the said note to plaintiff, by
making the following written indorsement upon the back of said
note, to wit: " Payment guarant*ee*."

The indorsement upon back of note sued upon and introduced in
evidence was as follows: "Payment guarant*eed*."

After the jury had retired under the charge of the court, they re-
turned into court the following as their verdict, to wit:

" We, the jury, find for the plaintiff as follows: $4,000 principal,
$124 interest; $400 attorneys' fees. We further find that J. W.
Sacra, Isaac Cloud and R. S. Rollins are sureties.

"N. S. CLARDY, Foreman."

When the above verdict was handed to the court the judge an-
nounced that the same was informal and not responsive to the
charge of the court, and called the plaintiff's attorney, E. C. Smith,
handing him the verdict, who, under the direction of the court,
wrote out the following verdict: " We, the jury, find for the plaintiff,
and assess his damages at $4,524. We further find that J. W. Sacra
and Isaac Cloud are sureties." Which verdict as written out under
direction of the court was then handed to the jury, who were re-
quested by the court to retire and further consider of their verdict.
The jury retired, and after some deliberation returned into court
the verdict as written out under the direction of the court, signed
by the foreman, which was as follows:

"We, the jury, find for the plaintiff, and assess its damage at
$4,524. We further find that J. W. Sacra and Isaac Cloud are
sureties.                                    N. S. CLARDY, Foreman."

The court, learning that some of the jury were dissatisfied with
their verdict, requested them to retire again and consider of their
verdict. The jury then retired and returned again into court as
their verdict the following verdict:

"We, the jury, find for the plaintiff, and assess its damages at

$4,524. We further find that J. W. Sacra and Isaac Cloud are sureties.                                N. S. CLARDY, Foreman."

The last verdict the court caused to be read out by the clerk, and had the jury polled, and they declared the same to be their verdict, which was received, and jury discharged.

*Potter & Hughes*, for appellants, on variance, cited: Brown *v.* Martin, 19 Tex., 343; Shipman *v.* Fulcrod, 42 Tex., 248; Hunt *v.* Wright, 13 Tex., 549.

On the verdict, they cited: R. S., arts. 1009, 1317.

On the question of interest on attorneys' fees, they cited: R. S., arts. 2976, 2980.

*E. C. Smith*, for appellee, on variance, cited: Hays *v.* Samuels, 55 Tex., 560; McClelland *v.* Smith, 3 Tex., 210; Smith *v.* Shinn, 58 Tex., 1.

On the sufficiency of the verdict, he cited: Frederick *v.* Hamilton, 38 Tex., 336, 337; McKean *v.* Paschal, 15 Tex., 37.

On the question of interest, he cited: R. S., 2980; Coles *v.* Kelsey, 13 Tex., 75–6; Jewett *v.* Thompson, 8 Tex., 437.

WILLIE, CHIEF JUSTICE.— The variance between the indorsement pleaded and that found on the note introduced in evidence was very slight, and not at all material. The misdescription was not such as tended to mislead or surprise the adverse party, and hence it was properly disregarded by the court. McClelland *v.* Smith, 3 Tex., 210; Hays *v.* Samuels, 55 Tex., 560.

As to the verdict, it is sufficient to say that, if the court had directed the jury to find the exact verdict which they finally rendered in the cause, it would not have been error. There was no conflict in the testimony, and no other finding but the one finally adopted, or its equivalent, was authorized by the facts. The judge would have been authorized to direct the jury to return such a verdict, and it can be no objection to it that he had the proper verdict put in writing, no matter what agent he used for that purpose, if the jury afterwards adopted it as their own. This they did after due consultation, and there is no reason why their finding should be disturbed.

The charges, bills of exception and statement of facts were properly signed by the special judge who presided at the trial, and who was duly chosen for that purpose.

The judgment was entered substantially in compliance with article

3663, Revised Statutes, with perhaps some unimportant omissions. In the entry of such a judgment our statute makes no distinction between a surety and a guarantor; nor between a case where the principal is a resident of the county where the judgment is rendered and one where he is a resident of a different county.

The attorneys' fees provided for in the note sued on were incident to the main debt. In this respect they somewhat resembled the interest agreed upon in the note. Each was a percentage upon the debt, the one upon the principal, the other upon the principal and interest both that might be due at the time of rendering the judgment. The one continued to accumulate so long as the note was not paid, the other arose if judgment had to be rendered upon it. Both were therefore sums the amount of which was contingent upon the payment or non-payment of the debt; and in case of suit both were to be incorporated in the judgment of the court.

As it is now the settled law of this state that the interest incorporated into a judgment, if above eight per cent., bears interest thereafter, and at the conventional rate, there can be no reason why the percentage allowed for attorneys' fees should not bear interest at the same rate. The right to recover interest upon interest after judgment at a conventional rate does not rest upon the ground that the defendant has agreed that interest shall be computed in this way. Hence the fact that there is no agreement that the attorneys' fees shall bear interest at a greater rate than eight per cent. cannot affect the question. Coles v. Kelsey, 13 Tex., 78; Mathews v. Hancock, 20 Tex., 7; Hagood v. Aikin, 57 Tex., 511; R. S., art. 2980. We think the court below properly allowed the whole judgment rendered to bear interest at twelve per cent., and there being no error in the judgment it is affirmed.

Affirmed.

[Opinion delivered April 11, 1885.]