## TYLER TERM, 1886.

T. CHOWNING ET AL. V. CATHERINE CHOWNING.

(No. 2185.)

ERROR from Wilbarger County. Opinion by WILLSON, J.

*(Transferred from Austin.)*

ELLIOTT & SETTERBY, counsel for plaintiffs in error.

H. C. THOMPSON, counsel for defendant in error.

§ **150.** *Attorney's fees stipulated in note; sufficient allegations to authorize judgment for; case stated.* Suit by defendant in error against plaintiffs in error upon a promissory note for $300, which stipulated for twelve per cent. per annum interest from date, and for ten per cent. upon the principal sum to pay attorney's fees in case suit had to be instituted to collect said note. Judgment by default against defendants for the amount of said note, interest and ten per cent. attorney's fees, and also that said judgment should bear interest at the rate of twelve per cent. per annum from the date of its rendition. It is alleged in the petition that the defendants agreed and undertook to pay said ten per cent. attorney's fees, and the note itself is copied into the petition, and contains such stipulation. The petition prays for judgment for said attorney's fees. *Held:* The petition authorized the judgment for said attorney's fees. [2 W. Con. Rep. § 557.]

§ **151.** *Interest on judgment for such attorney's fees.* When the ten per cent. attorney's fees became a part of the judgment, the amount thereof bore the same rate of interest that the principal sum bore, to wit, twelve per cent., that being the rate of interest stipulated in the note. [Washington v. First Nat. Bank, 64 Tex. 4.]

§ **152.** *Citation; return of service of, held insufficient.*
The return of service of citation is as follows: "Came
to hand this, the 5th day of August, 1885, at —— o'clock
M., and executed the 5th day of August, 1885, by deliver-
ing to J. R. Summers, H. Chowning, and further exe-
cuted on the 28th day of August, 1885, by delivering T.
Chowning, the within named defendants, in person, a true
copy of this writ." *Held*, this return is insufficient to
authorize the judgment by default, in that it does not
show that a copy of the citation was served upon *each* of
the defendants. [2 W. Con. Rep. § 269.]

October 27, 1886.          Reversed and remanded.