| 74 | 667 |
| 82 | 514 |
| 74 | 667 |
| 89 | 106 |

---

Sweetzer, Pembroke & Co. v. H. B. Claflin & Co.

No. 2827.

1. **Variance.**—The petition described a note sued upon as follows: "That on July 1, 1887, the defendants, under their firm name, for a valuable consideration, made, executed, and delivered to plaintiffs their certain promissory note in writing of that date, whereby, seven months after date, they promised to pay to the order of themselves $8746.29, and thereafter on the same day defendants endorsed said note by writing their firm name across the back thereof." The court, on account of variance, properly excluded when offered by plaintiffs a note for the same sum of same date and signed by same firm, but which was endorsed by one I. Lewis; the testimony further showing that one of the defendants, acting for the firm, had executed the note to *I. Lewis*, who endorsed same to plaintiffs.

2. **Plea of Non Est Factum.**—Such plea, after it has been withdrawn by the defendant making it, is not competent evidence when offered by an intervenor attacking the validity of the note to which it had been opposed.

3. **Garnishment—Funds in Custody of the Law.**—Service of a writ of garnishment upon a district clerk gives no lien upon funds deposited by the sheriff with the clerk to await the further action of the court.

4. **Testimony—Interrogatories Confessed.**—Interrogatories propounded to one not made a party to the suit can not be taken as confessed and be made evidence against parties to the suit upon the officer charged with the duty of taking the answers certifying that the witness would not answer the interrogatories.

Appeal from Marion.    Tried below before Hon. John L. Sheppard. The opinion states the case.

*Todd & Rowell*, for appellants. — 1. The contract attempted to be proved must not vary in any material particular from the contract as alleged.    Greenl. on Ev., secs. 58, 66, 69; 2 Greene, secs. 11, 150, 159, 174, 177; Shipman v. Fulcrod, 42 Texas, 249.

2.    A partnership is not bound by the acts of a member acting beyond and outside of the scope of the partnership, and without consideration, and not incident to or consistent with the partnership business.  Burleigh v. Parton, 21 Texas, 585; Goode v. McCartney, 10 Texas, 195; Bradford v. Taylor, 61 Texas, 508; Story on Part., secs. 110–14.

3.    The admissions under oath and in writing, under the most solemn form, made by a party to the record are evidence against himself and those jointly interested with him.    Nor can a retraxit made by him injuriously affect the rights of others, such as the intervenors.    2 Greenl. on Ev., secs. 171, 173, 174.

4.    The entire judgment roll is admissible when the judgment itself is so.    Freem. on Judg., secs. 79, 84.

5.    Under an equitable proceeding by intervention a subsequent or junior attaching creditor, or a creditor suing by original garnishment, may show fraud, collusion, and insolvency on the part of the debtor, and thus share in the attached property.    Grabbenheimer v. Rindskoff Bros., 64 Texas, 49; Johnson & Co. v. Heidenheimer, 65 Texas, 263–67; Ward v. McKenzie, 33 Texas, 297; Pom. Eq. Jur., sec. 1415, note 4.

6.    A party interrogated, who refuses to answer or evades answering, such interrogations should be taken for confessed.    Rev. Stats., art. 2243; Teas v. McDonald, 13 Texas, 349–55; Friend v. Miller, 62 Texas, 178.

*C. A. Culberson*, for appellees.— 1. The note introduced is the one described in the petition.  (See opinion.)  This in effect was but setting out the note.    Delivery was not a necessary allegation and was surplusage.    If any significance is to be attached to the use of the words "made, executed, and delivered to plaintiffs" it was qualified and explained by the more accurate description of the note which followed.

In the supplemental petition, in reply to the intervention of appellants, it is alleged that plaintiff "purchased the same (note) in good faith for value, and before the maturity thereof, and without notice of any defects therein or defenses thereto."   The note was admissible under this allegation against the appellants, showing that appellees were entitled to recover as purchasers, though the note may not have been originally "made, executed, and delivered" to them.

2.    This pleading, *non est factum*, was not admissible in evidence, because it was an ex parte statement of an opponent and could not be held

to be an admission of appellees.  Nor was it admissible as proof of its contents.  Greenl. on Ev., sec. 178; Wood's Prac. and Ev., sec. 159, and notes.

3.    The exclusion of the garnishee proceedings was not error, because the Citizens Bank had no lien on the property or fund in the custody of the court, and because the fund in the clerk's hands is not subject to garnishment.    Pace v. Smith, 57 Texas, 555; 2 Wade on Att., 13; Waples on Att., 218; Nenney v. Schluter, 62 Texas, 327; Sayles' New Treatise, sec. 606; Le Gierse v. Kellum, 66 Texas, 242; Blum v. Goldman, 66 Texas, 621.

4.    Mittenthal was never served with process and is not a party to this suit.    No admission by him as party could affect appellees, and besides the return of the notary is not sufficient under the statute.    1 Sayles' Stats., art. 2243.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by appellees H. B. Claflin & Co. against Dreeben & Lewis, a mercantile firm composed of Solomon Dreeben and Sam Lewis, to recover an alleged indebtedness of more than $16,000, evidenced by certain promissory notes, one of which was for the sum of $8746.29.    A writ of attachment was sued out and levied upon a stock of goods, which were sold by order of the district judge as perishable property, and of which the proceeds, amounting to $13,750, were paid into the hands of the clerk of the court.

Appellants Sweetzer, Pembroke & Co., being creditors of Dreeben & Lewis, also brought suit and caused a writ of attachment to be levied upon the same goods, subject to the previous levy of Claflin & Co.

The Citizens Bank of Jefferson, also a creditor of the defendants, also brought suit and sued out a writ of garnishment and caused it to be served upon the clerk of the court for the purpose of reaching the proceeds of the sale.    Sweetzer, Pembroke & Co. and the Citizens Bank then intervened in this suit, claiming liens upon the fund in the hands of the court, and alleging that the attachment in this case was sued out for the purpose of defrauding the creditors of the defendants, and that the indebtedness evidenced by the note for $8746.29 was fictitious and fraudulent.

In declaring upon the note the plaintiffs alleged in their petition " that on July 1, 1887, the defendants, under said firm name, for a valuable consideration, made, executed, and delivered to plaintiffs their certain promissory note in writing of that date, whereby seven months after date they promised to pay to the order of themselves $8746.29 at 471 Broadway, with current rate of exchange on New York, and thereafter on the same day defendants endorsed said note by writing their firm name across the back thereof."    The note offered in evidence reads as follows:

"$8746.29.                               New York, July 1, 1887.

"Seven months after date we promise to pay to the order of ourselves eighty-seven hundred forty-six 29-100 dollars, at the 471 Broadway, with current rate of exchange on New York.    Value received.

(Endorsed.)                                    "Dreeben & Lewis.
"I. Lewis."

Isaac Lewis, whose name appears upon the note as an endorser, testified on behalf of plaintiffs, in effect, that the note was executed and delivered to him in the city of New York by Sam Lewis, in settlement of an indebtedness due him from Dreeben & Lewis, which accrued in 1882, by the sale by him to them of a stock of goods. and that after the execution and delivery of the note to him he endorsed and transferred it to H. B. Claflin & Co. for a valuable consideration.    The plaintiffs also proved by another witness that the signature of the makers of the note was in the handwriting of Sam Lewis.    When the note was offered in evidence intervenors objected upon the ground that the execution of the note had not been proved, and upon the further ground that it varied from the note declared on in the petition.    The execution of the note was sufficiently proved prima facie to authorize its admission in evidence, but we are of opinion that there was a variance between the note described in the petition and that offered in evidence, and that for that reason it should have been excluded.    The petition declares on a note delivered to the plaintiffs; the instrument with its endorsements indicates and the evidence showed that this was not true of the note offered.    The writing produced was delivered to I. Lewis and by him endorsed and delivered to plaintiffs.

If we had merely the note itself upon which to decide the point the question would not be free from embarrassment; but the testimony of the witness makes it clear that the note was not executed directly to plaintiffs and hence is not the note described in the petition.    The bill of exceptions shows that the testimony of Lewis was before the court when the note was admitted.    The allegation in the supplemental petition of plaintiffs "that the plaintiffs purchased the same (meaning the note) in good faith and before maturity," etc., does not alter the averment in the original petition.    The purchase of the note is not inconsistent with the allegation that the note was made and delivered by defendants to plaintiffs.    They may have purchased it of defendants directly.    The admission of the note was error, for which the judgment must be reversed.

There was no error in the refusal of the court to admit in evidence the sworn pleas of S. Dreeben, one of defendants, which denied the execution of the note and set up a failure of consideration.    We know of no rule of law that makes them evidence in this case against the plaintiffs.    They were formally withdrawn by Dreeben's counsel during the

progress of the trial and could not subsequently be used for any purpose. See Coats v. Elliott, 23 Texas, 606.

Neither was it error to exclude the affidavit and bond for a writ of garnishment and the writ of garnishment in the case of the Citizens Bank against Dreeben & Lewis. The fund in the hands of the clerk was in the custody of the law and was not subject to the writ of garnishment. The service of the writ upon the clerk gave no lien upon the fund, and the evidence was therefore irrelevant.

The court did not err in refusing to permit intervenors to read the interrogatories to one A. Mittenthal, and to take them as confessed upon the certificate of the notary that he refused to answer them. He was not a party to the suit. Dreeben in a plea in reconvention had asked that he be made a party, but so far as the record shows no steps were taken to cite him. He was not made a party to the plea of intervention. He did not appear as a party. The interrogatories were filed to him merely as a witness.

During the progress of the trial S. Dreeben was permitted, over the objection of appellants, who were the intervenors below, to withdraw his pleas and to retract his cross action set up in his answer in reconvention, and this action of the court is assigned as error. We think the ruling of the court in this particular was correct. Dreeben had the right to interpose his own defenses, and to withdraw them at will. His action did not preclude the intervenors from alleging and proving the same facts. They acquired no right in his defenses which deprived him of his power to withdraw them.

There is a question raised as to the sufficiency of the verdict, but that question may be obviated upon another trial, therefore we need not decide it.

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 1, 1889.

Motion for rehearing refused.

*C. A. Culberson,* for motion.

*Geo. T. Todd,* resisting.