## J. C. RICHARDSON ET AL. v. A. J. ANDERSON.

### (No. 3199.)

APPEAL from Tarrant County. Opinion by WHITE, P. J.

BOWLIN & BOWLIN, counsel for appellant.

F. M. BRANTLEY, counsel for appellee.

§ **286.** *Garnishment; money, etc., in the hands of a sheriff taken by him from a prisoner is not subject to.* One Knox, who is one of the appellants in this case, was arrested by Richardson, another of the appellants, who was sheriff of Tarrant county, for carrying a pistol. According to the jail regulations in that county, Richardson, the sheriff, took from the possession of Knox, when he put him in jail, $930, and other sums of money, and certain warrants and checks, for safe-keeping during his incarceration. While the sheriff had said money and effects in his possession, belonging to Knox Anderson, the appellee sued out a writ of garnishment, and had the same served upon the sheriff. The sheriff, as garnishee, in his answer set up substantially the facts as above stated. Knox filed an intervention in the garnishment suit, and claimed — *First*, that the money was taken from him by the sheriff without his consent, and was in the sheriff's possession *custodia legis*, and, being *in custodia legis*, was not subject to garnishment; *secondly*, that the money and property taken from him by the sheriff at the time and place mentioned was taken unlawfully, violently, and by force, and against the will of the intervenor, and that the sheriff was a trespasser, and that said money and property were taken by trespass, and, while it was thus unlawfully in the hands of the sheriff, the writ of garnishment was served upon him; *third*, his arrest, and the taking and detention of his property by the sheriff, was the result of a conspiracy between the sheriff and

the intervenor's creditors to have him arrested, and his money and other valuables taken off his person, and detained until the writ of garnishment could be served upon the sheriff by said creditors.  To said answer of said garnishee and plea of intervention, appellee, Anderson, filed a general exception and answer controverting the same.  The court sustained the general exceptions to the first and second subdivisions of the intervenor's pleas, to which the intervenor excepted; and overruled the general and special exceptions to intervenor's third plea.  Before the trial, appellant Knox, with sureties, replevied said money and property out of the hands of the sheriff.  The case was tried before the court without a jury, and judgment was rendered against all the appellants,— that is, Knox and his sureties upon his replevin bond, and Richardson, the sheriff, for the sum of $223.10, the ballance proved to be due from Knox to Anderson on a judgment, and for costs of suit,— and that appellant Knox take nothing by reason of his intervention.  From this judgment this appeal is prosecuted.

In Pace v. Smith, 57 Tex. 555, it is said: "The general rule that property in the custody of the law is not subject to garnishment is too well settled upon authority to be questioned.  [Drake, Attachm., ch. 22; Freem. Ex'ns, §§ 129–133,— both referring to numerous authorities; Taylor v. Gillean, 23 Tex. 508; Edwards v. Norton, 55 Tex. 405.]  This, besides other officers, includes receivers, assignees in bankruptcy, disbursing officers, sheriffs, clerks, executors, administrators and guardians.  The general principle underlying this doctrine is that 'no person deriving his authority from the law, and obliged to execute it according to the rules of law, can be holden by process of this kind.'  [Brooks v. Cook, 8 Mass. 246.]"  In Sweetzer v. Claflin, 74 Tex. 667, it was held "that a service of a writ of garnishment upon a district clerk gives no lien upon the funds deposited by the sheriff with the clerk to await the further action of the court;" and

to the same effect is Curtis v. Ford, 78 Tex. 262, "that, so long as the money is in the custody of the law,—that is to say, in the hands of the officer who is intrusted with its keeping,—it is not subject to writs of garnishment." In Robinson v. Howard, 7 Cush. 257, one Pierce, a constable, arrested Howard on a charge of larceny preferred against him by appellant Robinson. Pierce, against Howard's protest, shortly after the arrest took from Howard $175 in money, and certain small articles of the value of $10, and gave Howard a receipt therefor. Pierce became satisfied that no larceny had been committed, and was proceeding to the jail to return the money and articles to Howard, when plaintiff served him with trustee process. The court held that the officer was not liable on the process, and the receipt given by him made no difference. Chief Justice Shaw says: "Were the rule different, such process might be used to search the person, or otherwise, under the color of lawful authority, to get possession of the property of a debtor in order to place it in the hands of an officer, and thus make it attachable by trustee process." In Morris v. Penniman, 14 Gray, 220, relying upon Robinson v. Howard, *supra*, it was held: "An attachment cannot be levied on property delivered to officers by persons arrested for larceny, or other property, while it remains in the officer's hands." This latter case is directly in point with the case at bar. See, also, announcing the same general doctrine, Freem. Ex'ns, § 255. Again, in Despatch Line v. Bellamy Manuf'g Co., 12 N. H. 206, the doctrine announced is that a party who obtains possession of goods by a trespass cannot be charged as trustee of the owner, to whom no wrong is done.

We are of opinion that the court erred in sustaining the exception to the first and second pleas interposed by the intervenor, Knox; and further, the court erred in rendering judgment in favor of Anderson, appellee, subjecting the money in his hands to the payment of

Anderson's debts.   Wherefore the judgment is here reversed, and now rendered that the appellee, Anderson, plaintiff in the court below, take nothing by his suit; that appellants Richardson, sheriff; Knox, intervenor, and Trigg and Kimbrough, sureties upon said Knox's replevin bond, all go hence without day; and that they have and recover of and from said appellee, Anderson, all costs in this behalf incurred, for which execution may issue.

January 20, 1892.           Reversed and rendered.