[Argued March 27, 1893; decided April 10, 1893.]

## BENN v. KUTZSCHAN.

(S. C. 32 Pac. Rep. 763.)

1. PROMISSORY NOTE—STIPULATION FOR ATTORNEY'S FEE—NEGOTIABILITY.—A stipulation in a note for the payment of a reasonable attorney's fee in case of suit or action thereon does not destroy its negotiability.*

2. IDEM—LIABILITY OF INDORSER.—An indorser of a promissory note which contains a stipulation for a reasonable attorney's fee in case of suit, is as much liable for the attorney's fee as for the principal of the note.*

Multnomah County: E. D. SHATTUCK, Judge.

This is an action by Charles E. Benn against Gustav Kutzschan as indorser on a promissory note of M. F. Milburn. Defendant moved to strike out of the complaint that portion thereof relating to attorney's fees, and the motion was granted. Thereafter defendant suffered a default judgment for the amount of the note, and plaintiff now appeals from the order disallowing attorney's fees. Reversed.

*Milton W. Smith* (*Walter S. Perry* of counsel), for Appellant.

No appearance or brief for respondent.

MR. JUSTICE BEAN delivered the opinion of the court.

This is an action brought against the indorser of a promissory note, of which the following is a copy:

---

*NOTE.—A note collecting and classifying the authorities touching the two questions here decided will be found with the case of *Dorsey* v. *Wolff*, 34 Am. St. Rep. 99.—REPORTER.

"$347.00.    .    Portland, Or., May 19th, 1892.

"Ninety days after date, without grace, I promise to pay to the order of J. C. McCaffrey three hundred and forty-seven no hundredths dollars in U. S. gold coin, at Portland, Or., with interest thereon in like gold coin at the rate of 10 per cent per annum from maturity until paid, for value received. Interest to be paid after maturity, and, if not so paid, the whole sum of both principal and interest to become immediately due and collectible, at the option of the holder of this note; and in case suit is instituted to collect this note or any portion thereof, I promise and agree to pay, in addition to the costs and disbursements provided by statute, such sum as the court may adjudge reasonable and just, in like gold coin, for attorney's fees in said suit or action.

"M. F. Milburn,
"489 Starr St., Albina."

There are but two qu˘ .ions presented on this appeal. *First*, does a stipulation in a promissory note for the payment of a reasonable attorney's fee in case of suit or action, destroy the negotiability of the instrument? and, *second*, if not, can such stipulation be enforced against an indorser? Upon these questions the authorities are in hopeless and irreconcilable conflict. There is one line of cases which sustains the validity of the stipulation and negotiable character of the note; another, which denies the validity of the stipulation, thereby affirming the negotiability of the note; and still another, which seems to sustain the the stipulation, but denies the negotiability of the instrument.

In *Peyser* v. *Cole*, 11 Or. 39 (50 Am. Rep. 451; 4 Pac. Rep. 520), it was held by this court that such a stipulation is valid, and will be enforced, and this has become the settled law of this State, so that the only remaining question open for inquiry is whether we shall follow the authorities

sustaining such stipulation and the negotiability of the note, or the other class, which, while sustaining the stipulation, denies the negotiability of the instrument. The authorities on both of these questions will be found fully collated and discussed in 1 Daniel, Negotiable Instruments (4th Ed.), section 62 and note, and 16 American Law Review, 849, to which reference may be had by those desiring to investigate the subject. It has been so often and ably treated in all its various aspects that nothing original remains to be said thereon, and we shall attempt no extended citation or review of the authorities. A careful examination has satisfied us that the weight of authority, and especially of the more recent decisions, is strongly in favor of the doctrine that the negotiability of a promissory note is in no way affected by a stipulation for a reasonable attorney's fee. This is the doctrine in the states of Arkansas, Dakota, Illinois, Indiana, Iowa, Kansas, Louisiana, Montana, Nebraska, and Texas, and also in the general trend of the decisions in the federal courts: *Trader* v. *Chidester*, 41 Ark. 242 (48 Am. Rep. 38); *Farmers' National Bank* v. *Rasmussen*, 1 Dak. 60; 46 N. W. Rep. 574; *Nickerson* v. *Sheldon*, 33 Ill. 373 (85 Am. Dec. 280); *Smith* v. *Muncie National Bank*, 29 Ind. 158; *Stoneman* v. *Pyle*, 35 Ind. 103 (9 Am. Rep. 637); *Sperry* v. *Horr*, 32 Iowa, 184; *Seaton* v. *Scovill*, 18 Kan. 433 (26 Am. Rep. 779); *Dietrich* v. *Bayhi*, 23 La. An. 767; *Bank of Commerce* v. *Fuqua*, 11 Mont. 285 (28 Pac. Rep. 291; 28 Am. St. Rep. 461; 4 L. R. A. 588); *Heard* v. *Dubuque Co. Bank*, 8 Neb. 10 (30 Am. Rep. 811); *Washington* v. *Denton Bank*, 64 Tex. 4; *Wilson Sewing Machine Co.* v. *Moreno*, 6 Saw. 35 (7 Fed. Rep. 806); *Adams* v. *Addington*, 16 Fed. Rep. 89; *American Mfg. Co.* v. *Dowing*, 17 Fed. Rep. 660; *Hughitt* v. *Johnson*, 28 Fed. Rep. 865; *Farmers' National Bank* v. *Sutton Mfg. Co.*, 52 Fed. Rep. 191 (3 C. C. A. 1; 17 L. R. A. 595); *Howenstein* v. *Barnes*, 5 Dill. 482; *Schlesinger* v. *Arline*, 31 Fed. Rep. 648. The contrary decisions in Missouri, Minnesota,

North Carolina, and Pennsylvania, it would be useless to
consider or attempt to distinguish.

From the position that a stipulation for a reasonable
attorney's fee in no way impairs the negotiability of a
note, it would seem logically and necessarily to follow that
the indorser of such a note is just as liable for the attor-
ney's fee as for the principal of the note. An indorser, by
his contract of indorsement, promises, among other things,
that he will discharge the note according to its tenor, upon
due presentment and notice. "It is a fresh, substantial
contract," says Mr. Daniels, "embodying all the terms of
the instrument indorsed, in itself": 1 Daniel, Negotiable
Instruments, § 669. And in *Van Fleet* v. *Sledge*, 45 Fed.
Rep. 753, Mr. Justice JACKSON, now of the supreme court
of the United States, says: "The legal undertaking of the
indorser is that he will pay the note if the maker fails to
do so at maturity, upon proper demand made, and notice
of such failure given, when not waived. When he passes
the title to the paper to an endorsee for value with this
undertaking, the sounder view seems to be that the
indorser renders himself liable for the face of the note or
bill." Again, in *Bank of British North America* v. *Ellis*, 2
Fed. Rep. 44, in discussing the question now before us,
Mr. Justice DEADY uses the following language: "While
there is a conflict in the authorities upon the question
of whether an instrument, otherwise negotiable, that con-
tains a stipulation for the payment of an attorney fee, is
thus negotiable or not, no case has been cited which holds
that such stipulation does not pass with the instrument, in
case the same is deemed negotiable. * * * The maker
of these notes having agreed to pay an attorney fee to the
holder thereof, if the same were not paid without action,
in my judgment, each subsequent party thereto assumed
a like responsibility to such holders, and therefore the
plaintiff is entitled to recover such fee from the defendants
in this case."

It follows from these conclusions that the judgment of the court below must be REVERSED and the cause remanded for further proceedings not inconsistent with this opinion.