### CHILDS v. JACKSON.

(Court of Civil Appeals of Texas. Texarkana. Oct. 12, 1911. Rehearing Denied Nov. 9, 1911.)

BILLS AND NOTES (§ 489*)—ACTIONS—VARIANCE.

There was a fatal variance. where the petition alleged that the notes sued on were executed by defendant to plaintiff, while the proof showed that they were executed to another, who indorsed them in blank to plaintiff.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1587–1642; Dec. Dig. § 489.*]

Appeal from Wichita County Court; M. F. Yeager, Judge.

Action by H. B. Jackson against W. T. Childs. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Montgomery & Britain, for appellant. Smoot & Smoot and Wendell Johnson, for appellee.

LEVY, J. Appellee sued appellant upon three promissory notes, and to foreclose a chattel mortgage given to secure their payment. When the notes were offered in evidence, appellant made the objection of variance in the terms of the notes sued on and the instruments offered in evidence. The court overruled the objection, and the notes were admitted in evidence, and this ruling is assigned as error.

The notes were executed by appellant, and payable to the order of the Wichita Falls Implement Company, and indorsed in blank by the Wichita Falls Implement Company to appellee. In declaring upon the notes sued upon, the petition alleged that they were executed and delivered by appellant to appellee, and payable to the order of appellee. The objection reaches, we think, to the very terms of contract, the substance of the suit; and it could not be said, as contended by appellee, that the error amounted to a mere misdescription of the instrument, so as to make applicable the line of cases cited by him. An action on a note is founded directly on the instrument. The

petition here alleged that the notes were given and delivered to appellee. The evidence clearly showed that this allegation was not true as to the instruments offered. So, as the contract inheres in the instrument sued on, then the notes offered in evidence are essentially variant from the pleading. There was error in overruling the objection, for which the judgment must be reversed. Sweetzer v. Claflin, 74 Tex. 667, 12 S. W. 395; Insurance Co. v. Lee, 73 Tex. 641, 11 S. W. 1024; 2 Greenleaf on Evid. § 160.

The judgment is reversed, and cause remanded.