### WAHL v. RAMSEY et al.    (No. 1040.)

(Court of Civil Appeals of Texas.    El Paso.
Jan. 22, 1920.    Rehearing Denied
Feb. 19, 1920.)

1. PARTIES ⬅➡56—PLAINTIFF PERMITTED TO
AMEND TO ASSERT DIFFERENT CAUSES OF AC-
TION AGAINST PARTIES INTERPLEADED BY
ORIGINAL DEFENDANTS.

Where plaintiff sued a liquor company for
the price of a saloon business and it inter-
pleaded W. and wife on a note given for the
price of such business and disclaimed any in-
terest in the note or amount due, plaintiff was
properly permitted, after citing W. and wife,
to amend and assert a cause of action against
them on the note.

2. BILLS AND NOTES ⬅➡443(1)—ACTION ON
NOTE MAINTAINABLE BY EQUITABLE OWNER
NOT NAMED AS PAYEE.

Where plaintiff sold a saloon business to
defendants and had the note for the price made
payable to a liquor company, to which he ex-
pected to sell the note, he was the equitable
owner, and could sue on the note in his own
name.

3. ELECTION OF REMEDIES ⬅➡11—NO ELECTION
OF REMEDIES BY SELLER FIRST SUING FOR
PRICE OF BUSINESS INSTEAD OF ON NOTE.

Where plaintiff sold a saloon business to
defendants and had the note for the price made
payable to a liquor company to which he ex-
pected to sell it, there was no election of rem-
edies, preventing suit on the note, by first su-
ing the liquor company for the price of the
business sold, but merely a mistake of remedy.

4. BILLS AND NOTES ⬅➡489(7)—VARIANCE BE-
TWEEN PETITION AND NOTE FATAL.

There was a fatal variance between a note
reciting that it was given in payment of a
liquor business purchased from a third party
and a petition alleging that it was given in con-
sideration of a business sold by plaintiff to de-
fendant, and not showing that the note was ne-
gotiable, or that it was secured by a chattel
mortgage or payable at a bank.

5. APPEAL AND ERROR ⬅➡930(3) — NO PRE-
SUMPTION IN FAVOR OF VERDICT AS TO ISSUE
ON WHICH THERE WAS NO EVIDENCE.

There was no presumption on appeal in fa-
vor of the verdict under Vernon's Sayles' Ann.
Civ. St. 1914, art. 1985, as to the issue, not
submitted to the jury, of the discharge of a
surety by dissipation of the chattel mortgage
security, where there was no affirmative evi-
dence to establish what became of the property.

Higgins, J., dissenting.

Appeal from District Court, El Paso Coun-
ty; Ballard Coldwell, Judge.

Action by L. O. Ramsey against the Gold-
oft Liquor Company, which interpleaded
George W. Wahl and another.    From the
judgment, defendant Mrs. George W. Wahl
appeals.    Reversed and remanded.

M. W. Stanton and M. V. Ward, both of
El Paso, for appellant.

Chas. Owen, Jno. F. Weeks, and McKenzie
& Loose, all of El Paso, for appellee.

### Statement of the Case.

HARPER, C. J.  On March 13, 1915, L. O.
Ramsey filed his original petition in this
suit against the Goldoft Liquor Company, a
corporation, in which he alleged his cause of
action to be suit for $1,250, agreed price of
a certain saloon business, goods in stock,
etc., sold by plaintiff to defendant.    The
Goldoft Liquor Company answered to the
merits, and set up the note which is the
basis of the judgment appealed from, and
interpleaded appellant, Mrs. Geo. W. Wahl,
and Geo. W. Wahl, the makers, prayed judg-
ment over against them in case plaintiff
should recover against the company.    De-
fendants answered the latter pleading by
general and special exceptions and general
denial.  Plaintiff then filed first, second, and
third amended petitions, but defendants
were not made parties to the original cause
of action by any of these pleadings.    June
18, 1918, by amicus curiæ, filed notice was
given that no service had been had upon the
Wahls.    Whereupon plaintiff filed his fourth
amended original petition August 8, 1918,
making the Wahls parties and also Terrell,
trustee for Goldoft Liquor Company, which
had in the meantime become a bankrupt, and
citation issued accordingly, shown to be
served August 16, 1918.    Thereafter, on
March 31, 1919, the fifth amended original
petition was filed upon which the case went
to trial.    By this petition plaintiff declared
that the liquor business and goods, etc., de-
scribed in the first pleadings, were, about
May 28, 1914, sold to G. W. Wahl for $1,-
250, and that the latter—

"joined by his mother, Mrs. G. W. Wahl, made,
executed, and delivered to the plaintiff for and
in consideration of the purchase price of said
stock of liquor their certain promissory note for
the sum of $1,250, due six months after date,
but inasmuch as plaintiff intended to sell said
note to Goldoft Liquor Company, the note for
convenience was made payable to the Goldoft
Liquor Company, but the plaintiff represents
that the sale of said note to Goldoft Liquor
Company was never consummated, and that said
company was holding said note as trustee for
plaintiff, who is the owner of same, both legal
and equitable; that the note draws interest at
the rate of 10 per cent. per annum, and pro-
vides for 10 per cent. attorney's fees in case
suit is brought on it."

In further description it is further alleged:

"The Goldoft Liquor Company, acting through
its agent and duly authorized representative,
transferred said note without recourse to L. O.
Ramsey, and that said transfer was placed upon
the back of said note in substantially the follow-
ing language, 'Pay to L. O. Ramsey without

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

recourse on us,' signed Goldoft Liquor Co., by ——, its general manager."

Then follows the allegation that it had been lost. Terrell, as trustee, disclaimed any interest in the note. George W. Wahl answered by general and special exceptions, general denial, specially denied that the note was ever transferred or assigned or delivered to plaintiff. That the alleged agreement, whereby defendants became liable to plaintiff instead of the payee in the note, is barred by the statute of two-year limitation. No consideration, in that the plaintiff took possession of the license and other property and sold same to one Duran, for which there is accord and satisfaction. Mrs. G. W. Wahl adopted the pleadings of her codefendant. That there was executed a chattel mortgage to said Goldoft Liquor Company upon the property described to secure the payment of the said note. That it was primary and first security for its payment. That plaintiff appropriated said property to his own use. Wherefore she, being simply a surety on the note, is thereby discharged. The cause was submitted upon special issues, and upon the verdict judgment was entered for the amount of the note, interest, and attorney's fees, from which Mrs. G. W. Wahl appeals.

### Opinion.

[1] It is urged that it was error to permit plaintiff by fifth amended petition to change the nature of his suit as to parties and cause of action. Since the Goldoft Liquor Company and the trustee in effect disclaimed any interest in the note or amount due, and the appellants having been made parties for the limited purpose of a recovery over against them by the liquor company in case judgment was recovered against it, whilst irregular, we can see no reason why by amendment the cause of action should not be asserted against them after citation. Jolley v. Oliver, 106 S. W. 1151.

[2] The plea of two-year limitation does not apply to the now cause of action being bottomed upon the note. The agreement to make the note payable to the Goldoft Liquor Company had the effect to make it the legal owner and holder of the note, but if Ramsey was in fact the equitable owner he could sue in his own name. Guest v. Rhine, 16 Tex. 549.

[3] There was no election of remedies by first bringing his suit against the liquor company for the amount of the price of the business sold, instead of upon the note; it was simply a mistake of remedy. The record does not show that plaintiff had two valid and available and inconsistent remedies, and undertook to pursue one. Therefore there is no election. Ins. Co. v. Eggleston, 195 S. W. 942.

[4] The next is, Is there such a variance between the note described in the pleadings and the one introduced as to be fatal to a recovery? The note declared upon, described in the original statement of the pleadings above, is a demand note, etc. The note introduced in evidence to support the plea is a negotiable promissory note for $1,250, payable to the order of Goldoft Liquor Company, with the recital:

"This note is further secured by a chattel mortgage on the property this day acquired from the Goldoft Liquor Company." "This note payable at the Commercial National Bank of El Paso, Texas."

The indorsement upon the note introduced is:

"Pay to the order of L. O. Ramsey without recourse on us. [Signed] Goldoft Liquor Co., Inc."

The pleading is that the note was given in consideration of a liquor business sold by him to the defendant Geo. W. Wahl. The note recites that it was given in payment of a liquor business that day purchased from the Goldoft Liquor Company. The variance is fatal to the judgment. Sweetzer, Pembroke & Co. v. Claflin, 74 Tex. 667, 12 S. W. 395.

[5] It is further urged that, Mrs. G. W. Wahl, appellant, being a surety on the note, and the jury having so found, and she having pleaded that a chattel mortgage was executed to secure its payment upon the property sold, for which the note was executed as sole consideration, and it further appearing from the uncontradictory evidence that this security was dissipated with knowledge of plaintiff, and no diligence shown by plaintiff in applying the security to the debt, that the appellant is discharged. This issue was not submitted to the jury, but there is no affirmative evidence to establish what became of this property, so the court could not find this issue in favor of the judgment; therefore there can be no presumption in favor of the verdict upon appeal under Rev. Stat. (Vernon's Sayles') art. 1985. Kempner v. Patrick, 43 Tex. Civ. App. 216, 95 S. W. 51.

There are other questions proposed by appellant not in proper form of assignments of error, which strongly urge, in our minds, a reversal of the case. For instance, the pleadings in this case strongly indicate that plaintiff was never either the legal or equitable owner and holder of this note, and the testimony of plaintiff strongly indicates that he never in fact was in a position to demand or collect the amount of this note from appellant, Mrs. G. W. Wahl. The cause is therefore reversed and remanded for new trial.

HIGGINS, J. (dissenting). From the rulings of the majority upon which the reversal is based I dissent for the following reasons:

First. If there is any variance between

the notes sued upon and the one offered in evidence, it is a matter of misdescription only, and was not such as tended to mislead or surprise the appellants, and was properly disregarded by the court. Washington v. Bank, 64 Tex. 4; McClelland v. Smith, 3 Tex. 210; Hays & Co. v. Samuels & Sons, 55 Tex. 560; Taylor v. Merrill, 64 Tex. 494; and other cases cited in 13 Encyclopedic Digest, 1168, 1169.

Second. It appears from the undisputed evidence of the plaintiff Ramsey that he knew nothing about the chattel mortgage having been executed to secure the payment of this note until the trial of the case. Furthermore, if the property mortgaged was dissipated, there is nothing to show that he was responsible therefor. If it was dissipated and lost it was done by the mortgagor, G. W. Wahl, the principal obligor in the note sued upon. Furthermore, the chattel mortgage mentioned covered the following:

"All stock of whisky, both barrel and bottle goods; all beer and glassware; one liquor dealers license; one National cash register; twelve chairs; three tables; all located in building on east side, Main street, Ysleta, Tex."

The stock of whisky mortgaged represented the stock in trade of a retail liquor dealer, which was to be sold in the ordinary course of business, and was void as to that item. As to the liquor dealer's license, the lapse of time rendered it of no value.

It does not seem to the writer that the appellee in this case, upon the record presented, can be defeated of his right to recover against the surety, Mrs. Wahl, upon the theory that he has been a party to a dissipation of the mortgaged property, nor upon the theory that he has not been diligent in applying the security of the mortgage to the payment of his debt.

The writer is of the opinion that no reversible error is presented, and that the judgment should be affirmed, and here now enters of record the grounds of his dissent from the rulings of the majority, as by law required.