Argued January 20; modified and affirmed February 2, 1932

# KUMMER ET AL. *v.* LAUMAN ET AL.

(7 P. (2d) 556)

G. E. *Hamaker,* of Portland, for appellant.
W. Y. *Masters,* of Portland, for respondents.

KELLY, J.  The chattel mortgage in suit was executed on the 14th day of July, 1930, by defendant Lauman.  Defendant, Shoemake, is the mortgagee and the payee named in the note secured by said mortgage.  On July 23, 1930, defendant, Shoemake, sold and assigned the note and mortgage to plaintiffs.  At that time defendant, Shoemake, indorsed said note in blank.  Said note was given for the principal sum of $650, with interest thereon from date at 6 per cent per annum, and was payable in monthly installments of $25, including interest, the first payment to be made on the 14th day of August, 1930, and a like payment on the 14th day of each month thereafter.  The note also provided that, "if any of said installments are not so paid, the whole sum of both principal and interest to become immediately due and collectible at the option of the holder."  There was also the usual promise to pay a reasonable sum as attorney's fees in case of suit or action.

The mortgage contains the following clause:

"But in case default shall be made in the payment of said promissory note, or any part thereof, * * * then said promissory note shall at once become due and payable, and this mortgage may be foreclosed in the manner provided by law for the foreclosure of

such chattel mortgages as do not provide within themselves the manner in which they are to be foreclosed, and the consideration of which does not exceed the sum of five hundred dollars.''

■ The first assignment of error is to the effect that the amended complaint fails to allege that said mortgage had been filed and recorded, or that the note and mortgage had been transferred to plaintiffs.

This assignment is wholly without merit. Paragraph VI, of plaintiffs' amended complaint, which is expressly admitted in the appealing defendant's answer, states that said mortgage was recorded on July 18, 1930, at page 360, book 35, of the records of chattel mortgages, in and for Multnomah county, Oregon, where the same has ever since remained of record and unsatisfied. Paragraph II, of appealing defendant's answer, contains this statement: ''* * * this answering defendant admits that he sold, assigned, transferred and delivered to plaintiffs said note and mortgage.'' As to said appealing defendant, the question of whether said assignment was recorded or not is immaterial.

The second assignment of error presents the question of whether a suit in equity may be instituted to foreclose a chattel mortgage wherein, as in the mortgage in suit, there is a provision to the effect that the same shall be foreclosed in the manner provided by law for the foreclosure of mortgages which do not provide within themselves the manner of their foreclosure, and the consideration of which does not exceed the sum of $500.

The appealing defendant urges that there is no testimony as to the effect that one of the defendants was in possession of the property and refused to surrender it. To this, we cannot agree. It was shown

that defendant Brown was in possession of the mortgaged property. As a witness for plaintiffs, this defendant, much to the surprise of plaintiffs' counsel, testified that he, said Brown, had not refused to deliver said property, but had tendered the same to plaintiffs. Thereafter, plaintiff Kummer testified that there was no such tender, and Mr. Masters testified that Brown absolutely refused to turn the property over to plaintiffs at all.

■ The appealing defendant further urges that the amendment of 1923 to section 7411 of Lord's Oregon Laws, which, as thus amended, is section 54-208, Oregon Code 1930, had the effect of changing the rule announced by this court, that refusal of a defendant in possession of mortgaged chattels to surrender the same entitles the holder of the mortgage thereupon to institute a suit in equity to foreclose such mortgage: *Jacobs v. McCalley,* 8 Or. 124; *Sears v. Abrams,* 10 Or. 499.

Section 10184, Or. L., which formerly was section 7411, L. O. L., provided for the sale of mortgaged chattels by the sheriff or constable upon written request of the mortgagee, his agent or attorney; and that, if the consideration of such mortgage shall exceed the sum of $500, the same may be foreclosed by an action at law. The amendment thereto of 1923, Laws 1923, ch. 130, p. 189, adds the following:

"Such written request shall be duly verified before an officer authorized to administer oaths, and shall contain a statement of the correct amount due and unpaid on such mortgage; thereupon said sheriff or constable shall take the property described in said chattel mortgage into his possession, and for such purpose shall have power to forcibly, if necessary, enter into any building, garage or other inclosure where the same may be stored or held, and upon his failure, or refusal so to do, such sheriff or constable shall be liable in damages to such mortgagee upon his official bond."

This amendment, if constitutional, merely affords a concurrent remedy. At common law, the mortgagee had the concurrent remedies of suing in equity to foreclose the mortgage and of bringing an action at law on the debt: *Weatherly v. Hochfeld*, 133 Or. 136 (286 P. 588). Said amendment of 1923 also provides that, if the consideration of such mortgage shall exceed the sum of $500, the same shall be foreclosed by a suit in equity. Section 6-501, Oregon Code 1930, prescribes that a lien upon real or personal property, other than that of a judgment or decree, whether created by mortgage or otherwise, shall be foreclosed, and the property adjudged to be sold to satisfy the debt secured thereby by a suit. Construing both sections of the statute together, namely, section 54-208 and section 6-501, we hold that the refusal of a defendant in possession of mortgaged chattels to surrender the same entitles the holder of such mortgage to institute a suit in equity to foreclose said mortgage.

■ The third assignment of error is to the effect that there was no proof of the allegations of paragraphs VII and VIII of the amended complaint. These paragraphs allege that, in violation of the terms of the mortgage, defendant Lauman sold and conveyed the mortgaged property to defendant Brown and that defendant Brown is in the possession of said property, denies plaintiffs' right to foreclose said mortgage and refuses to deliver the possession of said property to the plaintiffs or the sheriff of Multnomah county, Oregon.

The character of the transfer of the mortgaged property by Lauman to Brown, whether in violation of the terms of the mortgage or not, is immaterial for the reason that the expressly admitted nonpayment of said mortgage constitutes such a breach of the terms

thereof as to render proof of any other or different breach unnecessary. For the reason given in discussing the second assignment of error, it is likewise immaterial whether defendant Brown refused to deliver the possession of said property to the sheriff of Multnomah county or not.

As to the proof of the other allegations in said paragraphs VII and VIII, defendant Brown testified that at the time of the foreclosure he was the owner of the mortgaged property; and, as above stated, Mr. Masters testified to Brown's refusal to deliver the same to plaintiffs.

■ Upon oral argument, the appealing defendant urged that error was committed in allowing a judgment against him for $100 attorney's fee. Two reasons are assigned, one that there is no testimony in the record as to an attorney's fee; the other, that an indorser is not chargeable with the payment of an attorney's fee although the note contains a promise that in case of suit or action a reasonable attorney's fee will be paid.

Counsel for plaintiffs stated in his oral argument in this court that a stipulation had been made to the effect that in case plaintiffs prevailed, the trial court should fix the amount of the attorney's fee. A stipulation was filed in the circuit court on the first of May, 1931, which, at the beginning of the trial in said court, was read and offered in evidence. Its contents do not appear in, nor does the stipulation accompany, the transcript. We are unable to determine, therefore, whether this stipulation embraced the matter of an attorney's fee or not. On page 12 of the transcript, however, we find the following statement by counsel for plaintiffs:

"Mr. Masters: Now, with the exception of attorney's fees, which it is stipulated by the court we rest."

The writer is of the opinion that counsel actually said, or intended to say:

"Now, with the exception of attorney's fees, which, it is stipulated, shall be fixed by the court, we rest."

In expressing this opinion, not the slightest criticism of the court reporter is intended. The writer is well aware that in dealing with details, covered by a stipulation which is very frequently made, attorneys sometimes misspeak, or slur their diction. The able and experienced trial judge must have understood the statement as above interpreted, otherwise, he would not have fixed an attorney's fee.

■ In the case of *Benn v. Kutzschan*, 24 Or. 28 (32 P. 763), it is held that an indorser of a promissory note which contains a stipulation for a reasonable attorney's fee in case of suit is just as liable for the attorney's fee as for the principal of the note.

The appealing defendant contends that section 57-507, Oregon Code 1930, has changed the rule thus announced in *Benn v. Kutzschan, supra*. The section of the code referred to is part of the negotiable instrument law and merely declares the common law liability of an indorser. In *Benn v. Kutzschan, supra*, this court considered the common law rule and quoted it. Its statutory enactment in 1899 added nothing to its efficacy. We hold that the doctrine of that case was not changed by the statute.

The appealing defendant also complains because judgment was rendered against him for $675.67. He claims that this sum is in excess of the amount for which plaintiffs prayed. The prayer of the amended complaint in that respect is for a decree in the sum of $650 with interest from July 14, 1930, at the rate of 6 per centum per annum. The decree was entered on

the 21st day of May, 1931, at which time the accrued interest amounted to $33.26. The amount of the judgment should have been $683.26. This error in computation, though slight, should be corrected.

■ Finally, it is urged by the appealing defendant that no attempt has been made to show affirmatively that the plaintiffs performed any act in the manner of presentment for payment and notice of dishonor by which to charge said appealing defendant with liability on said note.

The statute prescribes that, except as therein otherwise provided, when a negotiable instrument has been dishonored by nonacceptance or nonpayment, notice of dishonor must be given to the drawer and to each indorser; and any drawer or indorser to whom such notice is not given is discharged: Section 57-701, Oregon Code 1930. This notice may be merely oral: Section 57-708, ibid.

"Where the person giving and the person to receive notice reside in the same place, notice must be given within the following time: (1) If given at the place of business of the person to receive notice, it must be given before the close of business hours on the day following; (2) if given at his residence, it must be given before the usual hours of rest on the day following," etc. Section 57-715, ibid.

Paragraph V, of plaintiffs' amended complaint, is as follows:

"That plaintiffs have duly notified said defendant, W. E. Shoemake, of said default in payment and their election to declare the whole of said note and mortgage due and payable."

In the absence of a motion to make more definite and certain, after issue joined, this allegation should be construed to render admissible testimony of notice of dishonor.

■ We quote from the testimony of plaintiff Mr. J. C. Kummer:

"Mr. Masters: I show you a note marked plaintiffs' exhibit A for $650.00 and ask who is the owner of that note at this time?

"A. Mrs. F. B. Montgomery and myself.

"Q. Did you make demand of Mr. Lauman for the payment of the $25.00 on the 14th day of July, which came due, state what you did, that is better.

"A. I went to his home over here on the East side, Yukon street some place. I don't remember the number, and didn't find him at home.

"Q. And then what did you do after that?

"A. Before that, I wrote him a letter stating where he could pay it, along about the 10th—

"Q. (Interrupting.) Did you notify Mr. Shoemake?

"A. I did on the 15th, that it had not been paid.

"Q. The next day?

"A. Yes, sir."

When it is remembered that the note was executed on July 14, 1930, assigned to plaintiffs on July 23, 1930, and that the first payment came due on August 14, 1930, counsel's reference to "the 14th of July" is so manifestly a slip of the tongue that it cannot be said that the witness referred to any other than the actual date when the first installment became due, namely, August 14, 1930, as the time when he went to Lauman's home and that upon the next day, namely, August 15, 1930, he notified the appealing defendant of the dishonor of the note by nonpayment. Such notice meets the requirements of the statute and renders said defendant chargeable.

The decree of the circuit court is hereby modified by the entry of judgment in favor of plaintiffs and against

defendants, P. Lauman and W. E. Shoemake, and each of them, in the sum of $683.26, with interest thereon from the 21st day of May, 1931, at the rate of 6 per centum per annum, and the further sum of $100 attorney's fee, and for plaintiffs' costs and disbursements in the circuit court taxed at $44.70, and for plaintiffs' costs and disbursements in the supreme court taxed at $———, instead of the judgment entered in the circuit court; and in all other respects said decree of the circuit court is affirmed.

Modified and affirmed.

BEAN, C. J., RAND and ROSSMAN, JJ., concur.