

# THE ATTORNEY GENERAL
# OF TEXAS
### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

July 11, 1947

Hon. Sam Lee
County Attorney
Brazoria County
Angleton, Texas

Opinion No. V-302

Re: Authority of tax col-
lector to collect taxes
delinquent for past ten
years and then issue
certificate showing
taxes paid prior there-
to, though not paid but
subject to plea of ten
year limitation as pro-
vided in Article 7298,
V.C.S..

Dear Mr. Lee:

Your letter requesting our opinion reads, in part, as follows:

"STATEMENT OF FACTS

"There are located within Brazoria
County many tracts of land which are with-
in school district and road districts, and
on which the taxes have not been paid for
many years. On some of these tracts the
taxes have not been paid for a period of
time more than ten years.

"QUESTION

"Can the tax collector of Brazoria
County, with reference to taxes due and
owing to a school district or road district
for a period of more than ten years, re-
ceive and collect taxes for the ten year
period and not collect the taxes for the
years preceding the ten year period im-
mediately before the collection, and give
a tax certificate to the payer of the taxes
showing that all taxes have been paid on
the particular piece of property involved?

"* * *"

It is our opinion that the tax collector has the authority to receive and collect taxes due, whether current or delinquent for one or more years. For example, A owes taxes on a tract of land for the past fifteen years. A can pay to the tax collector the total amount due for any one or more of said fifteen years and the tax collector should issue and deliver to A a tax redemption receipt for such year or years showing the taxes paid. As to each separate year, A must pay the total amount due all the taxing units whose taxes were assessed under the same assessment. The above statements are so well recognized by our courts, tax collectors and officials generally that we deem the citing of authorities unnecessary.

Article 7298, V.C.S. reads as follows:

"That no delinquent taxpayer shall have the right to plead in any Court or in any manner rely upon any Statute of Limitation by way of defense against the payment of taxes due from him or her to the State, or any county, city, town, Navigation District, Drainage District, Road District, Levee District, Reclamation District, Irrigation District, Improvement District, School District and all other Districts; provided, that no suit shall be brought for the collection of delinquent taxes of a School District or Road District unless instituted within ten years from the time the same shall become delinquent. . ." (Emphasis ours)

The Supreme Court of Texas in Bassett Lumber Co. v. City of Houston, 198 S. W. (2d) 879 in construing said Article 7298 held that ". . .such limitation statutes do not release or extinguish the debt, but merely affect the remedy when its enforcement is sought.", citing Goldfrank, Frank & Co. v. Young, 64 Tex. 432; Limestone County v. Robbins, 120 Tex. 341, 38 S. W. (2d) 580; Central Nat. Bank v. Latham & Co., Tex. Civ. App., 22 S. W. (2d) 765, writ refused; 37 C. J. 698, Sec. 18. See also Cook vs. City of Booker, 167 S. W. (2d) 232 wherein the court held that the proviso contained in Article 7298 to be a statute of limitation to be specially pleaded in defense.

Our recent Opinion V-39, in following prior opinions of this office held, "that the proviso contained in Article 7298 is a statute of limitations which must be

plead by the taxpayer defendant in order to avail himself of the defense."

It follows that the tax collector cannot issue a tax certificate to the effect that all taxes have been paid on a tract of land, when there are unpaid delinquent taxes more than ten years past due. The only way the delinquent rolls can be cleared of these taxes which are past due for a period of more than ten years is to either pay such taxes, or in a tax foreclosure suit to specially plead the ten year statute of limitations contained in the proviso to Article 7298, V.C.S..

We appreciate your well prepared brief which accompanied your request.

### SUMMARY

The proviso contained in Art. 7298, V.C.S. that no suit shall be brought for the collection of delinquent taxes of a school or road district unless instituted within ten years from the time same shall become delinquent is a statute of limitation and must be specially pleaded. Bassett Lumber Co. v. City of Houston, 198 S. W. (2d) 879. When there are delinquent taxes of a school or road district more than ten years past due the tax collector cannot issue a tax certificate showing all taxes paid on the property in question as the proviso contained in Art. 7298 is a limitation statute and must be specially pleaded in a tax foreclosure suit.

Yours very truly

APPROVED

ATTORNEY GENERAL OF TEXAS

*Price Daniel*

ATTORNEY GENERAL

By *W. V. Geppert*

W. V. Geppert
Assistant