WILLIAM CLARK v. CHARLES F. COMPTON.

A judgment by default in an action of trespass, establishes the plaintiff's right to recover, and fixes the defendant's liability; and the province of the jury, is, simply to ascertain the amount of damage which the plaintiff has sustained by reason of the trespass. And where there are several defendants, the judgment by default, fixes the joint liability of all.

Appeal from Travis. Suit by appellee against William Clark and Jackson Clark, for trespass, cutting timber, &c. Judgment by default, with an order for the empanneling of a jury to assess the damages. The entry of judgment was in the usual form, "came the parties, by their attorneys," &c.; verdict for the plaintiff for $250, damages. There was a motion for a new trial, and a statement of facts, from which it appeared that Jackson Clark had cut the timber, and hauled it with his father's, William Clark's, team, for one Burdett, whose timbered land lay near by, giving as a reason for not cutting it on Burdett's land, that it was more convenient to haul from where he was cutting it. William Clark appealed.

*Sneed & Turner*, for appellant. The plaintiff did not rely on his judgment by default, but proved his case, or sought to do so; and by that proof appellant claims he is discharged.

WHEELER, J. A judgment, entered by default, under the Statute, (Hart. Dig. Art. 812,) does not ascertain the amount, and therefore is not final, in the first instance, but becomes a final judgment, when the amount is ascertained and entered on the record. It, however, is final in the first instance, as respects the right of the plaintiff and the liability of the defendant. Nothing remains to make it a final judgment, but to as-

certain the amount. This is done by the Clerk (unless a jury is asked for by one of the parties) when the cause of action is liquidated and proved by writing ; but, if the cause of action is unliquidated, a jury is sworn to assess the damages · of the plaintiff. (Ib.) In the present case, the judgment by default established the plaintiff's right to recover, and fixed the de fendants' liability, for the amount of damages which should be assessed by the jury. There is nothing in the record, from which it may be inferred that this right of the plaintiff was waived or abandoned by him. The jury was empanneled sim ply to assess the damages. That the defendants were guilty of the trespass, as charged, had been already established by the · judgment by default. The province of the jury, therefore, was, simply to ascertain the amount of damage which the plain tiff had sustained by reason of the trespass. The plaintiff was under no necessity to introduce evidence to prove the fact that the defendants were guilty of the trespass as alleged. There is no error in the judgment and it is affirmed.

Judgment affirmed.