### J. L. WELCH v. M. M. HOLMES.

(No. 3433.)

JUDGMENT BY DEFAULT admits every material allegation in the petition, except the amount of damages; in trespass, to try title and for damages, it establishes the plaintiff's right to the land, as damages could be waived.

ERROR from Grayson county. Opinion by DELANEY, J.

STATEMENT.— This was an action of trespass to try title, filed by defendant in error January 18, 1875, to recover of plaintiff in error a tract of land in Grayson county. The land is described in the petition by metes and bounds as a survey of six hundred and forty acres; and the plaintiff claimed the entire survey, except a tract of one hundred

and sixty acres, to be taken in a square from out of the northeast corner of the survey, and laid damages at $1,000. The plaintiff set out her title as follows: The land had been granted to her deceased husband, and was their community property, and had been awarded to her upon a partition between herself and the heirs of her husband.

Service of process was waived by defendant February 1, 1875. June 17, 1875, the cause was called for trial, and defendant not appearing, judgment was by the court, without a jury and without the production of evidence, rendered for plaintiff against defendant for the title and possession of the land as described in the petition. Defendant brings up the case by writ of error, and assigns for error: 1. Rendition of judgment by default for land. 2. Rendition of judgment without evidence. 3. That in such a case the court could only render judgment for costs. 4. Judgment is contrary to law, and without any evidence whatever.

OPINION.— Our opinion is that there is no error in the judgment of the court below. A judgment by default admits every material allegation in the petition except the amount of the damages. The case of Clark v. Compton, 15 Tex., 32, was an action of trespass. The court held that the judgment by default established the plaintiff's right to recover, and fixed the defendant's liability. The only province of the jury was to fix the amount. In the present case, also, the judgment establishes the plaintiff's right to the land, and she could waive the damages. R. S., art. 4803. So far as the title is concerned, a jury could have been of no service, for there was nothing to be established by a verdict; no need of evidence, for everything had been admitted.

JUDGMENT AFFIRMED.