## J. L. WELCH v. M. M. HOLMES.

SUPREME COURT, AUSTIN TERM, 1882.

*Judgment by default.*—A judgment by default admits every material allegation in the petition, except the amount of damages.

*Same—Trespass to try title—Jury—Evidence.*—Judgment by default in trespass to try title and for damages establishes the plaintiff's right to the land, as damages could be waived. A jury could have been of no service, for there was nothing to be established by the verdict. There was no need of evidence, for everything had been admitted.

Error from Grayson county.—This was action of trespass to try title, filed by defendant in error January 18, 1875, to recover of

plaintiff in error a tract of land in Grayson county. The land is described in the petition by metes and bounds as a survey of 640 acres, and the plaintiff claimed the entire survey, except a tract of 160 acres, to be taken in a square from out of the northeast corner of the survey, and laid damages at $1000.

The plaintiff set out her title as follows: The land had been granted to her deceased husband, and was their community property, and had been awarded to her upon a partition between herself and the heirs of her husband.

Service of process was waived by defendant February 1, 1875. June 17, 1875, the cause was called for trial and defendant not appearing, judgment was, by the court, without a jury and without the production of evidence, rendered for plaintiff against defendant for the title and possession of the land as described in the petition.

Defendant brings up the case by writ of error, and assigns for error:

1. That the court rendered judgment by default for the land in controversy.

2. The court erred in rendering judgment for the land without any evidence.

3. That the court, in such a caae, could have rendered a judgment only for costs.

4. The judgment is contrary to law and without any evidence whatever.

Opinion by Delaney, J.– Our opinion is that there is no error in the judgment of the court below. A judgment by default admits every material allegation in the petition, except the amount of the damages. This has been decided so often as to render the citation of cases unnecessary.

A large number of these cases have arisen out of demands for money, in some form or other, as upon notes, accounts, etc. The case of Clark v. Compton, 15 Texas, 32, was an action of trespass. The court held that the judgment by default established the plaintiff's right to recover, and fixed the defendant's liability. The only province of the jury was to fix the amount. In the present case also the judgment establishes the plaintiff's right to the land, and she could waive the damages.

This is in accordance with the Revised Statutes, art. 4803. So far as the title is concerned, a jury could have been of no service, for

there was nothing to be established by a verdict, and there was no need of evidence, for everything had been admitted.

We think that the judgment below should be affirmed.

Report of Commissioners of Appeals examined, their opinion adopted and judgment affirmed.—GOULD, C. J.