TAYLOR v. GRANT & LOVEJOY. (No. 671.)

Court of Civil Appeals of Texas. Waco.
May 10, 1928.

Rehearing Denied June 21, 1928.

Appeal and error ⚖️➔688(1)—Failure of county judge to appoint stenographer where only person available refused to act and no statement of facts was requested nor injury shown held not ground for reversal (Rev. St. 1925, art. 2327).

Failure of county judge to appoint stenographer on request of one of parties under Rev. St. 1925, art. 2327, which requires appointment of competent stenographer, if one be present, on application of either party, *held* not ground for reversal, where stenographer of other party, who was the only one present, was unwilling to do the work, and no application was made for continuance, no statement of facts prepared or requested, no record made of number of witnesses, and no injury shown, appointment of stenographer in district court being provided for by article 2321 and statement of facts independent of stenographic report being permitted under article 2242.

Appeal from Coryell County Court; L. M. Stinnett, Judge.

Suit by Grant & Lovejoy against Oscar Taylor, commenced in the justice court. Plaintiffs recovered judgment in the justice court and in the county court, and defendant appeals. Affirmed.

T. R. Mears, of Gatesville, for appellant.
McClellan & Cross, of Gatesville, for appellee.

BARCUS, J. This suit was instituted by appellee in the justice court to recover from appellant $170 damages for failure of appellant to deliver 1,700 bushels of oats which appellee claimed to have bought from him. Appellee recovered judgment for the amount sued for. In the county court the cause was tried to a jury and submitted on two special issues. Appellant requested the trial court to appoint a stenographer to take down the testimony on the trial of the case, and presents as his only assignment of error the failure of the trial court to appoint a stenographer for said purpose; appellant's contention being that under article 2327 of the Revised Statutes it is mandatory upon a county judge to appoint a court stenographer upon request being made by either party, and that his refusal so to do necessitates a reversal of the case. Said article provides:

"When either party to a civil case pending in the county court or county court at law applies therefor, the judge thereof shall appoint a competent stenographer, if one be present, to report the oral testimony given in such case."

The record shows that when the case was called for trial counsel for appellant had present in court the stenographer from the office of McClellan & Cross, attorneys for appellee, and requested the court to appoint her as the official stenographer to report this cause. Said stenographer testified that if her employers had no objection she would attempt to take down the testimony; that she had been in bad health for a couple of years and was "rusty" in her shorthand work and did not want to undertake the work unless her employers themselves requested it. Her employers were not willing for her to undertake the work, and the court would not force her, over her protest, to serve in said capacity and refused to appoint her as official stenographer. No other stenographer was tendered, and no application was made for a continuance of the case in order that a stenographer might be secured. There is nothing in the record to indicate the number of witnesses that testified in the case. The bill of exception recites that the trial of the entire case embraced two days. No effort was made on the part of appellant to prepare a statement of facts, and the trial court was not requested to prepare a statement of facts or to approve one; appellant taking the position that, without showing any probable injury, he is entitled to have the cause reversed simply because no stenographer was appointed.

Article 2321 of the Revised Statutes provides that the district court shall appoint an official court reporter and provides the minimum efficiency required in order for a stenographer so appointed to be competent. Under this statute it was held in Honse v. Ford (Tex. Civ. App.) 258 S. W. 527, that there was no error committed by the trial court in not appointing a stenographer to take down the testimony. Article 1295 of Sayles' Revised Statutes provided that the court, upon application of either party, should employ a stenographer or other competent person to take down the testimony. In discussing that statute, in Hines v. Holland, 3 Willson, Civ. Cas. Ct. App. § 99, the court stated:

"A reasonable construction must be placed upon this provision. It certainly does not mean that the court shall appoint a stenographer or other competent person when there is none such to be had, or that a trial should be unreasonably delayed to obtain such a person. If such a person could be readily obtained, it would be the duty of the court to appoint him, and a refusal to make such appointment would be error. But even in that case the error would not be reversible, unless it be made to appear that, by reason thereof, the party complaining has probably been injured."

Appellant did not in his motion for new trial in any way attack the findings of the jury as being unsupported by the evidence. Neither did he show that he could not prepare a statement of facts, or that he was deprived of a statement by reason of the court's action.

There is nothing in the record to show the number of witnesses who testified in the case. Where the stenographer in the district court takes the testimony, litigants are not required to use the stenographic report in order to prepare a statement of facts, but same may be prepared independent thereof. Article 2242, Revised Statutes.

Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.