**UNIVERSAL LIFE INS. CO. v. LARRE-MORE et ux.**

**No. 7517.**

Court of Civil Appeals of Texas. Austin.
Oct. 29, 1930.

Rehearing Denied Nov. 26, 1930.

McCLENDON, C. J.

Suit by Fred Larremore and wife against the Universal Life Insurance Company, upon a sick benefit policy, brought in the justice court, appealed to the county court, where judgment upon special issue verdict was rendered against the insurance company, from which the latter has appealed to this court.

There is no statement of facts, and no assignment of error is such as can be intelligently passed upon in the absence of such statement.

■ We should add, with reference to those assignments which complain of the court's charge, that no objections were made to the charge prior to its submission; and therefore these assignments cannot be considered. R. S. art. 2185; Schaff v. Copass (Tex. Civ. App.) 262 S.W. 234; Luling Oil & Gas Co. v. Edwards (Tex. Civ. App.) 32 S.W.(2d) 921.

■ The leading assignment relied upon assails the action of the trial court in proceeding with the trial without a court reporter. The bill of exceptions upon this subject shows that, upon demand for a reporter, "the court after endeavoring to secure several reporters, and finding that none were available, all being engaged in the district court, and after defendant's attorneys also made several attempts to secure reporters who could take down the evidence, and failed, the court ordered the trial to proceed; on the ground that no previous request had been made."

The statute upon the subject (article 2327) makes it the duty of the county judge, when either party applies therefor, to "appoint a competent stenographer, if one be present."

Under this express wording, the duty is imposed only in case a competent stenographer is present, or, in any event, when one is available. If the party desiring a stenographer wishes to avail himself of the mandatory provision of the statute, it is incumbent upon him to bring about the conditions under which such provision arises, or, in any event, to make the demand at such seasonable time as may enable the county judge to provide a stenographer without necessitating a delay in the trial. Whether such demand alone, when seasonably made, is sufficient, we are not called upon to decide. The fact that it was not so made in this instance appears affirmatively from the bill of exceptions, as does also the fact that thereafter every reasonable effort to comply with the demand was made by the county judge. See Taylor v. Grant (Tex. Civ. App.) 7 S.W.(2d) 610, and authorities there cited.

The trial court's judgment is affirmed.

Affirmed.

### On Motion for Rehearing.

Appellant questions the accuracy of our statement reading, "with reference to those assignments which complain of the court's charge, * * * no objections were made to the charge prior to its submission," asserting "the record contains under the caption of 'defendant's requested charge' objections to the court's charge." Defendant did present in one paper three separate special issues which the court refused. There was no objection to the court's charge preceding the motion for new trial. Refusal of the requested special issues cannot be intelligently reviewed in the absence of a statement of facts, because there is no method of ascertaining their pertinence to the case made at the trial.

The motion is overruled.

Overruled.