**SIMMONS CO. v. SPRUILL.**

No. 5053.

Court of Civil Appeals of Texas. Amarillo.

Sept. 18, 1939.

Underwood & Strickland, of Amarillo, for plaintiff in error.

Hill & Adkins, of Shamrock, and C. C. Fillmore, of Wichita Falls, for defendant in error.

STOKES, Justice.

Defendant in error, D. F. Spruill, filed this suit on October 19, 1937, against plaintiff in error, alleging that in accordance with the terms of an oral contract entered into between him and the agent of plaintiff in error he negotiated a sale of certain hotel furniture, the retail price of which was $2,146.25. He alleged that,

under the terms of the contract of employment, his commission for making the sale was to be the difference between the retail price of the furniture and its wholesale price which he alleged was $1,767, the difference being $379.25, for which he prayed judgment.

Under the terms of the contract, according to the allegations of the petition, the furniture was to be sold on credit and the commission paid when the purchase price was liquidated and he alleged it was liquidated by the purchaser on December 26, 1934. He alleged that by certain letters addressed to him by plaintiff in error the justness of his claim for commission had been acknowledged, thus removing the bar of limitation.

Citation was duly served upon the agent of plaintiff in error at Dallas and on the 4th of January, 1938, when the case was regularly called for trial, plaintiff in error made default. A jury being waived by defendant in error, the court proceeded to hear testimony concerning the various phases of the case, particularly in reference to the damages or amount due defendant in error under his alleged contract of employment. Judgment was rendered by the court for the amount sued for and plaintiff in error has duly perfected a writ of error which places the record before this court for review.

The case is presented upon a single assignment of error to the effect that the court, on the basis of the evidence introduced, committed fundamental error in rendering judgment for defendant in error. Passing over the question of the sufficiency of the assignment of error and proposition, the record shows that citation was duly issued and served upon the agent of plaintiff in error; that the case was duly called for trial and plaintiff in error failed to appear or file an answer. No question is raised as to the service nor is the jurisdiction of the court brought into question. A judgment by default was entered and, no jury being called for, the court proceeded to hear the testimony which was ample in all respects to establish the amount of defendant in error's claim for commission. The proceeding was regular and in strict accord with the provisions of Art. 2157, R.C.S.1925. We find no fundamental error in the record. The principal contention made by plaintiff in error is that, according to the testimony introduced, the indebtedness of the purchaser of the furniture had not been liquidated and, therefore, the indebtedness, if any, was not due. This matter, as well as all other features of the case except the amount of the plaintiff's damages, was settled by plaintiff in error's default. It has been the law in Texas since an early day that a judgment, the substance of which the court has jurisdiction, entered by default under the statute upon proper service, is final when the amount is ascertained. The question of the right of plaintiff and the liability of the defendant is foreclosed when the default judgment is entered. Nothing remains except to ascertain the amount due the plaintiff and the record in this case reveals ample testimony to establish the amount of the commission for which defendant in error sued. Clark v. Compton, 15 Tex. 32; Union Central Life Ins. Co. v. Lipscomb, Tex.Civ.App., 27 S.W. 307; Wandelohr et al. v. Grayson County Nat'l Bank et al., Tex.Civ.App., 102 S.W. 746; San Antonio Paper Co. v. Morgan, Tex.Civ.App., 53 S.W.2d 651; Citizens' Bank v. Brandau et al., Tex.Civ.App., 1 S.W.2d 466; Milford v. Culpepper et al., Tex.Civ.App., 40 S.W.2d 163.

Applying the rule announced in the above cited cases and laid down by the statute the judgment by default established plaintiff's allegations to the effect that he was employed by plaintiff in error as its agent to sell the hotel furniture and that he made and completed the sale under the terms of his contract of employment. It established also that plaintiff in error agreed to pay him a commission for his services and that the amount of his commission was due and unpaid. Nothing remained to be established except the amount due defendant in error and his testimony as revealed by the statement of facts amply established his allegations in that respect. While defendant in error introduced testimony concerning other phases of the case, he was under no duty to do so, and the fact that he testified concerning them and introduced other evidence to establish allegations other than the amount due him by plaintiff in error did not affect the provisions of the statute with reference to the effect of plaintiff in error's failure to appear and the entry by the court of a judgment by default against it.

Finding no error in the record, the judgment will be affirmed.