## SOUTHERN S. S. CO. v. SCHUMACHER CO.

### No. 11251.

Court of Civil Appeals of Texas. Galveston. July 17, 1941.

Rehearing Denied Oct. 2, 1941.

Royston & Rayzor, of Houston, for appellant.

John C. Ridley, of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal from a default judgment rendered in favor of appellee, The Schumacher Company, for damages alleged to have been sustained as a result of the negligence of appellant Southern Steamship Company, in the handling of a shipment of merchandise from Hershey, Pa., to Houston, Texas.

Citation was duly served on the agent of appellant on September 6, 1939. No answer was filed or appearance entered by appellant and on the day after the return day, October 3, 1939, an interlocutory judgment by default with writ of inquiry was taken by appellee. Thereafter, on December 13, 1940, at a hearing before the court at which appellant was represented by counsel, appellee made proof of the damages alleged to be due, and judgment was rendered in its favor and against appellant in the sum of $773. No question is raised in the appeal as to the sufficiency of the service of citation on appellant, or as to the jurisdiction of the trial court and the testimony was, we think, ample in all respects to establish the damages alleged by appellee to be due it from appellant.

Appellant's principal contention is that appellee's petition is subject to general demurrer for the alleged reasons that no allegation is made by appellee in its petition that it was the owner of the goods alleged to have been damaged, and that, under the Carmack Amendment, 49 U.S.C.A. § 20(11,

12), it appearing from the evidence that appellant was not the initial carrier, no damages can be legally assessed against it. This contention cannot be sustained.

■ It is now the settled law in this state that under Article 2157, Revised Statutes of 1925, where a petition states a cause of action, evidence is not required to prove the allegations thereof when default is made, except where the cause of action is unliquidated or where it is not proved by an instrument in writing, and that, in either of such cases, the court will only hear evidence as to the damages sought. Said Article 2157 provides that: "If the cause of action is unliquidated or be not proven by an instrument in writing, the court shall hear evidence as to damages and shall render judgment therefor, unless the defendant shall demand and be entitled to a trial by jury in which case the judgment by default shall be noted, a writ of inquiry awarded, and the cause entered on the jury docket." In all instances not provided for by this statute and on all other issues, the allegations of the petition are to be taken as proved and admitted. This is the legal consequence of a judgment by default. Simmons Co. v. Spruill, Tex.Civ.App., 131 S.W.2d 1026; Milford v. Culpepper et al., Tex.Civ.App., 40 S.W.2d 163; Citizens' Bank v. Brandau, Tex.Civ.App., 1 S.W.2d 466, writ refused.

■■ Under the above authorities, where the jurisdiction of the court over the subject matter of the suit is not questioned, a judgment entered by default under the statute, under proper service, is final when the amount of damages is determined. The question of the right of appellee and the liability of appellant is foreclosed when the default judgment is entered. Nothing remains to be determined except the amount due the appellee. In the instant case appellee alleged in effect that, in consideration of the sum of $316.34 paid by it to appellant, appellant had agreed to safely carry and deliver certain merchandise to appellee in Houston, Texas; that it had been instructed to load said shipment in a clean, dry refrigerator car upon arrival in Houston; that contrary to said instructions, appellant did not upon the arrival of said merchandise at Port Houston carry out such instructions and that as a result of its failure to do so the said shipment was damaged as alleged. The record shows ample testimony to establish the amount of damages to the merchandise in question as found by the trial court.

■ While counsel for appellant, on cross-examination of appellee's witness, brought out other phases of the case than that pled by appellee, the fact that there was evidence other than that necessary to establish the amount of damages due appellee did not affect the provisions of the statute with reference to the effect of appellant's failure to appear and the entry by the court of a judgment by default against it. Simmons Co. v. Spruill, Tex.Civ.App., 131 S.W.2d 1026.

Finding no errors in the record, the judgment will be in all things affirmed.

Affirmed.