**JOHNSON v. BROWN.**

No. 4539.

Court of Civil Appeals of Texas. Beaumont.

Nov. 12, 1948.

As Modified on Denial of Rehearing
Dec. 30. 1948.

Second Motion for Rehearing Denied
Feb. 23, 1949.

Cecil & Keith, of Beaumont, for plaintiff in error.

Adams & Browne, of Beaumont, for defendant in error.

WALKER, Justice.

This proceeding is an appeal by writ of error to a default judgment rendered by the 60th District Court of Jefferson County in behalf of defendant in error Brown against plaintiff in error Johnson, whose name is Marion J. Johnson but who is styled in said judgment as Melvin Buster Johnson.

Plaintiff in error Johnson was defendant in the trial court and defendant in error was plaintiff there.

Plaintiff alleged that defendant had employed him to "design and supervise the building of a clubroom and the rebuilding and reconstruction of what is known as 'Buster's Place', and agreed to pay this plaintiff the sum of $25 per day and transportation to and from Beaumont, Texas, and to furnish this plaintiff lunch each day." He alleged part performance by himself and defendant's breach of the agreement by wrongfully discharging him (defendant nevertheless continuing "to take advantage of the designs prepared by this plaintiff"), to his damage in the sum of $2475, of which he prayed recovery. The damages claimed comprised two items, namely, $225 for work performed for which defendant had not paid, and $2,250 as prospective earnings, of which plaintiff had been deprived by defendant's breach.

Defendant was served with process, but filed no answer and made no appearance; and on November 6, 1947, the trial court rendered judgment by default against defendant in behalf of plaintiff for the sum of $2,475, being the sum for which plaintiff sued. This judgment recites that "a jury being waived and matters of fact and things in controversy were submitted to the court in their due and regular order, and it appearing to the court *upon good and sufficient evidence* that (plaintiff) is entitled to recover of and from (defendant) the sum of ($2475)", it was so ordered.

No motion for new trial was filed, and under Rule 330, part (L), the judgment became final "after the expiration of 30 days" from the date thereof.

After this judgment had become final, to wit, on January 31, 1948, defendant filed his petition in error and a supersedeas bond and various assignments of error; and on February 3, 1948 citation in error issued to plaintiff. This citation was served upon plaintiff on February 5, 1948.

Among the personnel of the trial court is an official court reporter; and on February 27, 1948, defendant filed a motion in the trial court, praying that the reporter be directed to prepare and file a transcript in Q. and A. form of the testimony heard by the trial court when this cause was tried. Defendant tendered such security for the cost of said transcript as the court might require.

This motion was heard and overruled by the trial court on March 12, 1948. The findings of fact upon which the trial court's order was founded are stated in the order. From these findings it appears that when this cause was tried on November 6, 1947, the regular judge was absent because of illness; that a special judge who had been elected by the practicing lawyers and who had duly qualified presided upon the trial of this cause; that the official reporter of the trial court "was actually serving in such capacity upon said date in said (trial court)", but "notwithstanding the availability of the said (reporter), said court reporter did not function at the hearing of the above captioned matter; and the said court reporter did not take the testimony adduced upon the trial of the above captioned cause." It was found "that the said court reporter is unable to prepare a transcript in Q. and A. form of the testimony adduced upon the trial of this cause on November 6, 1947 for the reason that the said court reporter did not report the trial of said cause". Since an order directing the reporter to prepare a transcript would necessarily have been futile, the motion was denied.

Why the reporter failed to take notes of the testimony is not stated; but it is a reasonable inference from the findings to which we have referred that the reporter was available and was willing to serve, but did not act because the trial court and the plaintiff elected to proceed without having said reporter take notes of the testimony.

These findings confirm (and so, in a sense, does the defendant's motion) the

recitation in the trial court's judgment that testimony was actually heard on November 6, 1947, by the trial court when this cause was determined.

It is evident from the arguments made in the briefs that defendant made no effort to procure a statement of facts except from the official court reporter and we shall assume that he did not. Too, plaintiff says that he did not; the statement is not denied, and there is nothing before us which shows that defendant did attempt to procure any other statement of facts.

Defendant has filed 5 Points of Error for reversal. Point No. 1 reads: "Where, as in this case, plaintiff brings suit for an unliquidated demand and procures a judgment by default, and the case is properly removed to the Court of Civil Appeals upon assignments challenging the sufficiency of the evidence, and the appealing party is unable to procure a statement of facts through no fault of his own, it is incumbent upon the Court of Civil Appeals to reverse and remand the cause for retrial."

Defendant argues in support of Point No. 1 that plaintiff's cause of action was unliquidated and that defendant had a right to a statement of facts in order that he might procure a review of the evidence adduced upon the trial of this cause and a review of the findings based upon said evidence. We agree with defendant that he was entitled to a statement of facts. The cause of action was unliquidated and plaintiff, as a foundation for his judgment, was required to actually prove the amount of his damages; and the trial court's finding upon this issue was subject to review by this court on this writ of error—had a statement of facts been filed. See Spivey v. Saner-Ragley Lbr. Co., Tex.Com.App., 284 S.W. 210; San Antonio Paper Co. v. Morgan, Tex. Civ.App., 53 S.W.2d 651; Odom v. Pinkston, Tex.Civ.App., 193 S.W.2d 888.

Defendant argues further that Article 2324, R.S.1925, as amended, Vernon's Ann.Civ.St. art. 2324, required the official reporter to take notes of the testimony adduced at the hearing of this cause on November 6, 1947. We agree with this argument. Article 2324 applies to the trial court and to the official reporter; it provides in part as follows:

"Each official court reporter shall: attend all sessions of the court, take full shorthand notes of all oral testimony offered in every case tried in said court, together with all objections to the admissibility of the evidence, the rulings and remarks of the court thereon, and all exceptions thereto.

"Preserve all shorthand notes taken in said court for future use or reference for a full year, and furnish to any person a transcript in question and answer form or narrative form of all such evidence or other proceedings, or any portion thereof as such person may order, upon the payment to him of the fees provided by law."

This cause was tried within the meaning of Article 2324, because evidence was required to be, and was adduced to prove a fact upon which a judgment depended.

We shall assume, without deciding all of the matters, namely, that since the official reporter was available and was willing to serve, the trial court had no authority to dispense with the reporter, that the plaintiff could not, except in his own behalf, dispense with the reporter, that the trial court erred in proceeding to hear the testimony adduced upon the trial of this cause without the reporter (available and willing to serve) making notes of said testimony, and that defendant's failure to appear and answer is to be given no significance in determining whether the trial court did err in so proceeding, or in determining whether this error is reversible.

Defendant argues that no statement of facts can be made up under Rule 377, Texas Rules of Civil Procedure, in the absence of a reporter's transcript of the evidence heard by the trial court, and he seeks in effect to have this court apply on this writ of error the holding made in Pacific Greyhound Lines v. Burgess, Tex. Civ.App., 118 S.W.2d 1100, which follows Victory v. Hamilton, 127 Tex. 203, 91 S.W.2d 697.

We do not agree with this argument; Rule 377 is the governing Rule, but it authorizes the filing of a statement of facts

made up by the party, or by the trial judge if the parties fail to agree, independently of a reporter's notes of testimony. The San Antonio court so held in Crawford v. Crawford, Tex.Civ.App., 181 S.W.2d 992.

Some provisions of Rule 377, especially parts (a) and (c), imply and thus seemingly require the availability of a reporter's notes; but this implication certainly cannot be made in appeals taken in county court cases where a reporter was not available (see Article 2327, R.S.1925), nor in cases wherein the parties dispense with a reporter. Is there to be no statement of facts made up in such cases? Other provisions of Rule 377 establish the right to make up a statement of facts where no reporter has acted, at least when the trial lawfully proceeded in the absence of a reporter. We refer to the provisions in part (a) of Rule 377, authorizing a party to prepare and file with the clerk a condensed statement of testimony, in narrative form, and requiring him to deliver a copy thereof to the opposing party, and we refer to the provision in part (d) of Rule 377, authorizing the "trial court or judge thereof" to make up a statement of facts, not only where the parties differ as to whether the record truly discloses what occurred in the trial court, but also where the opposing party fails to agree or disagree within a stated time after being furnished with a copy of the proposed statement of facts. We note that in Sullins v. Pace, 208 S.W.2d 583, page 584(Hn. 2) the Court of Civil Appeals held that a narrative statement of facts made by the county court in a case where no reporter had acted was a lawful statement of facts.

■ The provision of part (a) of Rule 377 authorizing the opposing party to require the reduction of a narrative to question and answer form (which, according to the reasoning in Victory v. Hamilton, supra, concerning Article 2239 as amended in 1931, Vernon's Ann.Civ.St. art. 2239, would necessarily require the availability of a reporter's notes), and the provision of part (c) authorizing the opposing party to require additional material, in narrative or in question and answer form, to be included in a statement of facts, are to be

construed as not applying to a trial which lawfully proceeded in the absence of a reporter. For instance, these provisions could not be invoked by the plaintiff here, for plaintiff allowed the trial to proceed without the evidence being taken down by the reporter.

■ Further, we see nothing in Rule 377 which would absolutely prohibit the use of the alternative method referred to above (statement independent of reporter's notes) even in a case like that before us, where we have assumed that the trial court erred in proceeding without the reporter. Such a statement in such a case as this would not represent a completely void attempt. Being satisfied that the method exists, we decline to limit its availability (in the sense indicated) in the absence of any expressed limitation in the Rules. The majority in Crawford v. Crawford, after referring to the procedure in force under the statutes enacted in 1931 and to the apparent expression in Rule 377 of an intent to change this procedure, held that this alternative method of preparing a statement of facts applied even in a case where the reporter had taken notes of the testimony and the parties had been deprived of these notes by the reporter's death.

■ These comments leave us with the question, whether the assumed error of the trial court in proceeding without the reporter making notes of the testimony is to be held to constitute reversible error. We think this question depends upon the materiality of this particular error, as in other cases under the Rules. The right to a reporter's transcript is a valuable right, but a statement of facts made up independently of a reporter's transcript would serve defendant's purposes. The only fact issue before the trial court was the amount of damages which plaintiff had sustained; all other issues had been determined by the default. See Rule 243; Southern Steamship Co. v. Schumacher, Tex.Civ.App., 154 S.W.2d 283, citing Simmons Co. v. Spruill, Tex.Civ.App., 131 S.W.2d 1026; 25 Tex.Jur., page 406, et seq. (Sections 41 and 42). The only questions which could be raised here concerning the evidence heard by the trial court was whether it was com-

petent and whether it supported the trial court's finding; and a narrative statement would present these questions as well as a question and answer statement. Plaintiff's brief indicates that the only witness heard by the trial court on November 6, 1947 was the plaintiff himself, and we have some inclination to believe that a party appealing ought not to be required to take his statement of facts from his opponent, but the trial judge might be able to furnish defendant the necessary information. We cannot say, from this record, that he would be unable to do so, and thus we cannot say that an alternative method of preparing a statement of facts is unavailable to defendant.

It follows that the record does not show that the trial court's error was a material error because it does not show that the defendant has been deprived of a statement of facts which would present to this court the questions he is entitled to raise. In Taylor & Co. v. Grant & Lovejoy, Tex. Civ.App., 7 S.W.2d 610, appellants argued that the county court had wrongfully deprived them of a reporter, and the Court of Civil Appeals concluded that appellants had not shown that this action materially harmed them for the reason, among others, that appellants had not attempted to follow an available alternative method of preparing a statement of facts. A party appealing has been denied a new trial where the record showed an available alternative method of preparing a statement of facts, which he had not attempted to use. See Crenshaw v. Montague County, Tex.Civ. App., 228 S.W. 569; Pruitt v. Blesi, Tex. Civ.App., 204 S.W. 714; Joachim v. Hamilton, Tex.Civ.App., 186 S.W. 251; Smith v. Pecos Valley & N. E. Ry. Co., 43 Tex. Civ.App. 204, 95 S.W. 11. The same holding was made in Hall v. Kynerd, Tex.Civ. App., 97 S.W.2d 278, and in McClure v. Miller, Tex.Civ.App., 116 S.W.2d 470, although the basic assumption in these two decisions, namely, that an alternative method existed, seems to be in conflict with Pacific Greyhound Lines, Inc., v. Burgess, Tex.Civ.App., 118 S.W.2d 1100. In Pruitt v. Blesi and in Smith v. Pecos Valley & N. E. Ry. Co., the court also referred to appellant's failure to apply for mandamus against the reporter.

These conclusions require that Point 1 be overruled and that the judgment of the trial court be affirmed. For defendant's remaining Points, namely, Points 2, 3, 4 and 5 assign error in various respects to the sufficiency of the evidence acted upon by the trial court, and said Points must be overruled because no statement of facts was filed. Points 2 and 3 also apparently refer to matters which were established by defendant's default and which, for that reason, would not be subject to review on this writ of error.

The judgment of the trial court is affirmed.

## On Motion for Rehearing.

The motion for rehearing filed by plaintiff in error has been considered.

Grounds 9 and 10 of this motion make the point that the special judge who tried this case could not make up a statement of facts, the regular judge of the trial court having resumed office; and that plaintiff in error ought not to be required to take his statement of facts from one no longer connected with court or cause.

The findings made in the order denying the prayer for a court reporter's transcript show that this cause was tried before a special judge who had been elected by the practicing lawyers upon the illness, and the resulting incapacity to hold the court, of the regular judge of the trial court. Since this order was made by the regular judge, it is apparent (and, indeed, this fact is evidenced by briefs and motion for rehearing) that the regular judge had resumed the functions of his office when plaintiff in error was attempting to perfect his writ of error to this court.

Under Rule 377, Texas Rules of Civil Procedure, the judge must make up a statement of facts when the parties disagree; power so to do is vested in "the trial court or judge thereof", and we hold upon the following grounds that the special judge who tried this case had the power to perform this function in this case after he

had relinquished the office to the regular judge of the trial court:

(1) This cause was filed and was tried in the District Court of Jefferson County, 60th Judicial District, and the special judge was elected, and he took office, under Section 23 of Article 2092, R.S.1925, as amended, Vernon's Ann.Civ.St. art. 2092, subd. 23. This statute provides that this special judge "shall have and exercise all the powers and duties which the regular Judge of said Court *could have and exercise.*"

(2) One of the powers which the regular judge of the trial court "could have and exercise" is expressed in art. 2248, R.S.1925, as follows: "Any judge of a district * * * court whose term of office expires * * * during the period prescribed for the filing of the statement of facts and bills of exception, or conclusions of law and fact, may approve such statement of facts and bills of exception, or file such findings of fact and conclusions of law in such cause, as provided in this title * * *." This statute seems to have had its source in Chapter XXV, Acts of 1903, p. 32. See art. 2076, R.S.1911.

(3) Let us assume (we do not so decide) that upon the regular judge's resumption of his office, the term of office of the special judge came to an end in the same sense as would the term of office of the regular judge. Upon this assumption, then, the power which art. 2248 vested in the regular judge to approve the statement of facts after he left office also vested in the special judge, under and by virtue of Section 23 of art. 2092, after he left office, in cases which he had tried.

(4) However, there are authorities indicating that the special judge's authority to try the cause included the power to make up a statement of facts after the regular judge resumed performance of his duties.

It was held in Washington v. First National Bank, 64 Tex. 4, that a special judge could approve bills of exception and a statement of facts in the case which he had tried. The court said, 64 Tex. at page 6: "The charges, bills of exception and statement of facts were properly signed by the special judge who presided at the

trial and who was duly *chosen for that purpose.*" The words underlined show that the special judge had been selected, or appointed, to try only the particular case; and since the Code of 1879 was in effect at the time, the relevant statutes were arts. 1091 to 1093, inclusive, of that Code. The only authority conferred, in terms, by these statutes upon such a special judge was authority to "try" the case. The court refers to no statute; but we interpret this decision as holding that the authority to "try" the cause comprehended authority to make up bills of exception and a statement of facts. We have not found in the 1879 Code such a provision as art. 2248, R.S.1925, which, as stated, apparently had its source in an Act passed in 1903. Provision for Bills of Exception was made in arts. 1358 to 1367, inclusive, of the 1879 Code, and for a statement of facts, in arts. 1377 to 1379, inclusive, of that Code. None of these statutes refers to special judges.

Other decisions of the Supreme Court are consistent with that in Washington v. First National Bank. Thus, in Harris v. Musgrave, 72 Tex. 18, 9 S.W. 90, 91, it was held that the authority of a special judge, appointed under art. 1092, R.S.1879, to try a certain cause, comprehended authority to try a subsequent suit between the parties to enjoin execution under the judgment rendered by the special judge. The court said: "We think the special judge who qualifies under such appointment has full authority to hear and determine, not only the particular suit then pending, but also any litigation between the same parties growing out of that particular suit."

In Storrie v. Shaw, 96 Tex. 618, 75 S.W. 20, 21, the court held that a regular judge who tried the case had power to make and file conclusions of law and of fact after he left office. No statutory authority similar to art. 2248, R.S.1925, was referred to; and the power was declared to be a *survival,* that is, in effect, an incident of the office. The court referred to a conflict of authority and said: "The weight of authority and the better reasoning support the answer that we have made to this question. It would be impossible for a judge who had not heard the testimony to express in the form of conclusions of fact the im-

pression which the conflicting evidence made upon the mind of one who heard it. Therefore it is especially important that the judge who tried the case should make the conclusions of fact. We fail to see any sound objection to the conclusion that upon the retirement of a judge the judicial function survives and continues so far as necessary for him to complete that which reflects the operation of his own mind or relates to his own conduct in the particular case."

These remarks have some application to the making of a statement of facts upon a disagreement of the parties, and if the regular judge's power to make and file conclusions of fact survives his term of office, so should a special judge's power to make up a statement of facts in a case he had tried. We note that the survival of power declared in this case is now expressly enacted in art. 2248, R.S.1925.

In Shaeffer v. Smyth, 37 S.W.2d 1012, 1014 (Approved), the Commission of Appeals held that the regular judge of one district court, sitting for the regular judge of another district court, had authority to approve the statement of facts in the cause he had tried. The particular cause was tried in the 95th District Court by the judge of the 71st District Court. These two districts were, and are, separate territorial jurisdictions; we infer that the judge of the 71st District tried the case under an assignment to duty, made under art. 200a.

The statement of facts was approved in this manner; the judge who tried the cause in the 95th District Court communicated with the regular judge of that court (after both judges had resumed their respective benches) and requested said judge to sign the statement of facts for him. The judge of the 95th District Court complied with this request by signing the name of the trial judge, showing, however, that this was done by him for the trial judge. The Commission of Appeals held this statement of facts to be valid, saying: "In view of the foregoing statutes (provisions of Art. 2092 and, perhaps, Art. 200a), we think the sound rule to be that, where a statement of facts has been accepted and approved by counsel for both sides, the judge

who actually heard the evidence in the case may properly request and direct any judge to sign his name thereto in approval thereof, and the statement of facts so signed and approved is entitled to consideration." The language implies, of course, that the approval upheld was the approval of the trial judge, made after he had returned to his own court.

In Johnson v. Bussey, Tex.Civ.App., 95 S.W.2d 990, 992, (writ refused), the question was, whether a special district judge, elected under art. 1887, R.S.1925, et seq., could extend the term and complete the trial of a cause after the regular judge had resumed performance of his duties. The court referred to the abbreviation made by the codifiers in formulating art. 1887 (and the resulting omissions in the law) and held: "But article 1887 does provide that he 'shall hold the court and proceed with the business thereof.' By which we think it is plainly meant to vest the special judge with the same powers and to impose upon him the same duties, in the discharge of that command, as a regular judge, and that his regular term of office ends *when the necessity therefor ceases*. Therefore it is concluded that Cecil Storey, as special judge presiding, had the same power to extend the term of court to complete the trial of the case as is vested in a regular judge by article 1923, providing * * *". Concerning what effect was to be given the return to duty of the regular judge the court held: "* * * we do not think the return of a regular judge will have the legal effect to oust jurisdiction of the special judge to complete the trial of the case in which he is then engaged, or divest him of authority to hear motions, or to do such other things as are necessary to make orderly disposition of the matters which have been undertaken by him. In the facts here shown, the trial was being had to the court without a jury; most, if not all, the evidence had been heard at the time of the return of the regular judge. It could not reasonably be contended that the regular judge could properly proceed with the trial and render judgment upon the facts heard only by the special judge. Therefore to hold that jurisdiction of the special judge

ceased, as a matter of law, regardless of circumstances, upon return of the regular judge would not only result in confusion, but also injustice, a waste of time, and unnecessary expense to the litigants as well as to the state. Procedure of our courts is intended to be practical and orderly that justice may be done, hence we do not think the return of a regular judge ousts jurisdiction of the special judge to do those things necessary to an orderly and complete disposition of the matters which he has undertaken."

It might be argued from these decisions that the special judge who tried the case before us had the power, as an incident of his election, independently of art. 2248, R.S.1925, to approve bills of exception and statements of facts after he had left the bench, filed in cases he had tried; but the question need not be decided. We are convinced that he had this power, either under art. 2248 or by virtue of his election and qualification as special judge.

(5) Our conclusion fits within the meaning of terms used in Rule 377, which vest power to make up the statement of facts in "the trial court or judge thereof".

We are also of the opinion that under these terms, potential authority to make up the statement of facts is also vested in the regular judge of the trial court under Rule 377. See the reasoning and comments in: Pratley v. Sherwin-Williams Co., Tex. Com.App., 36 S.W.2d 195; Guess v. Phelps, Tex.Civ.App., 41 S.W.2d 75; Rankin v. Nash-Texas Co., Tex.Civ.App., 58 S.W.2d 902; Schulz v. Boyd, Tex.Civ.App., 32 S.W.2d 483; Rule 330.

Further comment regarding the other grounds of the motion for rehearing is not required. The motion for rehearing is overruled.

### On Second Motion for Rehearing.

▮▮▮▮▮ Defendant has filed a 2nd motion for rehearing, and since our adjudication of his 1st motion for rehearing, has filed in the trial court two affidavits relevant to his argument that he was wrongfully deprived of a Statement of Facts, one by the official reporter of that court, who was also in office when this cause was tried, and one by the special judge who tried this cause. We granted defendant leave to file in this court a supplemental transcript made up of copies of these two affidavits, but erred in so doing. There is no authority for our consideration of such an affidavit as that of the reporter. Viewing the special judge's affidavit as a certificate made by an officer vested with authority (within the limitations of the Rules) to make up Bills of Exceptions and a Statement of Facts, and pretermitting discussion of form or of failure to comply with Rules 372 and 377, it must still be said that this paper was filed in the trial court long after time had expired for filing a writ of error record in this court, either as of right or for cause, within an extension of time. Rules 381 and 386 impliedly prohibit such action. Defendant's ground of appeal was his inability to obtain a statement of facts to which he was entitled, and it was his duty to file in this court within the times prescribed in Rule 386 a record supporting his Points of Error. Doubtless he had some right of amendment under Rules 428 and 429 (and see Rule 370), but these affidavits constitute additions made to the trial court's record after the times prescribed in Rule 386 had expired, and the right of amendment does not go so far. There is no question of waiver; plaintiff has objected to our consideration of the supplemental transcript and has moved to strike this transcript because of the late filing thereof and of the documents therein contained. Nor has any *good cause* been assigned if *good cause* be thought material. See State ex rel. Crawford v. Wagner, Tex.Civ.App., 203 S.W.2d 795, at page 799 (Hn.10); State ex rel. Cavanaugh v. Nelson, Tex.Civ.App., 170 S.W. 814, at page 816. If these affidavits can be considered despite the late filing thereof, so ought to be considered a transcript or a statement of facts filed late under similar circumstances. Rule 386 must be complied with, at least at the requirement of an interested party; and there being no question of any right to amend, defendant's procedure here would, in effect, disregard it. See Rule 437: Cocke v. Birr, 142 Tex. 432, 179 S.

**326**

W.2d 958; Alexander Motor Co. v. Pruitt, Tex.Civ.App., 198 S.W.2d 947; and also see: Bell v. Stephenson, Tex.Civ.App., 187 S.W.2d 152; Bolling v. Rodriguez, Tex. Civ.App., 212 S.W.2d 838; Pelton v. Cooke, Tex.Civ.App., 209 S.W.2d 398.

Although the supplemental transcript cannot be considered and is not properly a part of the record, we see nothing to be gained by taking it out of our files and returning it to defendant's counsel, and we shall allow it to remain on file for the convenience of the parties in arguing an appeal. Defendant's attention is directed to the fact that, doubtless through inadvertence, the special judge's affidavit discussed in the motion for leave to file differs in material respects from the special judge's affidavit on file in the trial court; and appropriate corrections should be made in any further discussion of this matter.

Attached to plaintiff's reply to the 2nd motion for rehearing is the affidavit of plaintiff's counsel; but this affidavit cannot be considered.

Defendant's 2nd motion for rehearing is overruled.